372 A.2d 925

**COMMONWEALTH of Pennsylvania**

v.

**Michael Jay ERISMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1975.

Decided April 19, 1977.

Richard P. Nuffort, Lancaster, for appellant.

Henry S. Kenderdine, Jr., Assistant District Attorney and D. Richard Eckman, District Attorney, Lancaster, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of the Vehicle Code, Act of April 29, 1959, P.L. 58, § 1037, 75 P.S. § 1037. The lower court denied appellant's motion in arrest of judgment. Appellant argues that the motion should have been granted because prosecution was barred under the rule of compulsory joinder announced in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973).

When *Campana* was remanded by the United States Supreme Court, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), our Supreme Court in an addendum *per curiam* opinion stated that "[t]he result this Court reached in *Campana* is entirely in harmony with section 110 of our Crimes Code, which became effective shortly after our decision and is now in effect." *Commonwealth v. Campana*, 455 Pa. 622, 626, 314 A.2d 854, 856 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). We shall therefore consider appellant's argument in the context of section 110 of the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973, 18 Pa.C.S. § 110.*

---

* We note the possibility that cases argued to us under *Campana* should not automatically be dealt with as governed by section 110. The rule announced in the first *Campana* decision is broader than our

Appellant was arrested on August 23 and charged with operating under the influence. On August 24 he waived preliminary hearing and was bound over to court. On October 2 the same officer who had made the August 23 arrest brought a summary charge of operating a motor vehicle after revocation of operating privilege. The Vehicle Code, *supra,* § 624(6), 75 P.S. § 624(6). On November 1 appellant pleaded guilty to this summary charge. On December 3 the grand jury indicted him on the charge of operating under the influence. Appellant's argument is that this prosecution was barred by his November 1 plea of guilty

reading of section 110: "We hold . . . that the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode'." 452 Pa. 233, 252–53, 304 A.2d 432, 441. This holding is footnoted, in part, "cf. . . . § 110 . . .." It is at least arguable that in the second *Campana* decision the Court did not intend to rely solely on the harmony between section 110 and the first *Campana* result, but rather to reiterate, under its supervisory power, the broader rule. We have, nevertheless, already expressed our view that the Supreme Court intended the *Campana* rule to be implemented by section 110.

> It was . . . stated [in the second *Campana* decision] that the Court's views on the issue of compulsory consolidation of all charges arising from a single criminal episode were entirely in harmony with Section 110 of the new Crimes Code. *Consequently,* if all the various charges brought by the Commonwealth against this appellee can be said to arise from a single criminal episode, *Section 110 of the Crimes Code will control rather than the principles of double jeopardy expressed in Campana.*
> *Commonwealth v. Green,* 232 Pa.Super. 134, 139, 335 A.2d 493, 495 (1975) (emphasis added).

The Supreme Court refused to allocatur in *Green.*

The Dissent, reading section 110 more broadly than we do, finds no gap between the first *Campana* rule and the statute. While we are sympathetic to the Dissent's attempt to honor the holding of *Campana I,* we are persuaded that section 110 is not to be read as the Dissent reads it. If it be concluded that the result we reach in the present case calls into question the scope and continued vitality of *Campana I,* resolution is for the Supreme Court.

> ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance § 1.3(b) (Approved Draft, 1968) (emphasis added).

*See Commonwealth v. Campana,* 452 Pa. at 248, 304 A.2d at 439.

to the summary charge. This argument, however, stands section 110 of the Crimes Code on its head.

Section 110 provides in pertinent part:

Although a prosecution is for a violation of a different provision of the statutes [here, the Vehicle Code] than a former prosecution . . . it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

(i) . . .

(ii) any offense . . . arising from the same criminal episode. . . .

In applying these provisions, it will be observed, one must concentrate upon which prosecution is the "former prosecution" and which is the "subsequent prosecution." Appellant argues as though the prosecution for the summary charge of operating after revocation of privilege was the "former prosecution," which arose "from the same criminal episode" and therefore barred the "subsequent prosecution" for operating under the influence. In fact it was the other way around.

■ "A prosecution is commenced either when an indictment is found or when a warrant or summons is issued, if such warrant or summons is executed without reasonable [sic] delay." 18 Pa.C.S. § 108(e). Here, a warrant was issued on the charge of operating under the influence on August 24; the summons on the summary charge of operating after revocation of privilege was not issued until October 2. Thus the prosecution for operating under the influence was "former" to, and therefore could not be barred by, the summary prosecution for operating after revocation of privilege.

■ It may be granted that appellant has been subjected to "double prosecution." At his hearing on the summary charge of operating after revocation of privilege, he could not set up as a bar the prosecution for operating under the

influence, because, while that prosecution was a "former prosecution," it had not yet "resulted in an acquittal or in a conviction. . . ." 18 Pa.C.S. § 110(1). Later, at his trial for operating under the influence, he could not set up as a bar the prosecution for operating after revocation of privilege, because, while that prosecution had resulted in a conviction (a plea of guilty), it was not a "former" but a "subsequent" prosecution. The short answer to appellant's dilemma, however, is that section 110 does not bar all double prosecutions but only those within its terms.

This answer is to some extent consistent with the general purpose of section 110. The Comment to the compulsory joinder section of the Model Penal Code, on which section 110 is based, states that joinder is

> to prevent the state from bringing successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a "hold" upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials.

Model Penal Code § 1.08, Comment (Tent.Draft No. 5, 1956). *And see Commonwealth v. Green, supra* 232 Pa.Super. at 141–42, 335 A.2d at 496. Here, had the Commonwealth first obtained appellant's plea of guilty to the summary charge of operating after revocation of privilege, and then commenced its prosecution for operating under the influence, it could fairly be said that the Commonwealth was "harassing" appellant. That cannot be said here, at least not as fairly.

No doubt the legislature, or the Supreme Court by an exercise of its rule-making power, could decide that all double prosecutions should be precluded. Thus it might be provided, by amendment to section 110 or by a new rule, that in such a case as this one, the arresting officer should be required to make the summary charge of operating after revocation of privilege at the same time as he makes the charge of operating under the influence. This would deny substance to any claim of harassment, and it would also

avoid piecemeal litigation. *See Commonwealth v. Green, supra.* On the other hand, it would also impose further constraints on the police, which might be thought unwise. It is not for us to balance these conflicting considerations; we must take section 110 as we find it.

The judgment of sentence is affirmed.

CERCONE, J., files a concurring opinion in which PRICE, J., joins.

HOFFMAN, J., files a dissenting opinion.

CERCONE, Judge, concurring:

I would affirm the judgment of sentence in the instant case solely because appellant failed to move that the offenses be joined for trial, despite the fact that he knew they were pending contemporaneously. As ABA Standards Relating to Joinder and Severance § 1.3(b) provides:

"When a defendant has been charged with two or more related offenses, his timely motion to join them for trial should be granted unless the court determines that because the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that time, or for some other reason, the ends of justice would be defeated if the motion were granted. A defendant's failure to so move constitutes a waiver of any right of joinder as to related offenses with which the defendant knew he was charged."

Cf. *Commonwealth v. Green,* 232 Pa.Super. 134, 142–44, 335 A.2d 493 (1975). So long as two prosecutions are pending concurrently, and neither has gone beyond the stage at which joinder would be inappropriate or impermissible, the accused has an adequate remedy for his problem in seeking joinder of the offenses. If the accused does not request that the offenses be joined, it is fair to conclude that he has waived a claim that Section 110 of the Crimes Code has been violated. On the other hand, it is unfair to dismiss charges for serious offenses on the basis of presumed protections which the accused has not lifted a finger to exercise, especially since the accused is often in a better position to know

of a potential conflict with Section 110 of the Crimes Code than is the Commonwealth. The relatively drastic remedy of Section 110 should only be applied when an accused has not foregone the opportunity of moving to join all offenses in one prosecution. To hold otherwise is simply to foster chicanery by defense counsel. However, to play word games with Section 110, as the majority does in the instant case, only obscures the equity and practicality of requiring the accused to move to protect his privileges when he is readily able to do so.

PRICE, J., joins in this opinion.

HOFFMAN, Judge, dissenting:

The Majority affirms appellant's conviction for operating a motor vehicle while under the influence of intoxicating liquor,[1] by a tortious reading of §§ 108 and 110 of the Crimes Code.[2] I believe that the Court's reading of those sections distorts the legislature's intent, and thereby avoids the clear import of our Supreme Court's analysis in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973).[3] Therefore, I dissent.

Appellant was arrested in Lancaster for a violation of § 1037 of The Vehicle Code, supra, on August 23, 1974. At that time, he gave the officer his license, which had expired in August, 1973. Appellant waived a preliminary hearing and was held for court. On October 2, a second charge was issued for operation of a vehicle after operating privileges had been revoked, a summary offense. See The Vehicle Code, supra; 75 P.S. § 624(6). There is no question that this offense (the act of operation of the vehicle) was the same act that gave rise to the § 1037 violation.

1. The Vehicle Code, Act of April 29, 1959, P.L. 58, § 1037; 75 P.S. § 1037.

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 110.

3. The United States Supreme Court remanded the case at 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973). See also, addendum opinion, 455 Pa. 622, 314 A.2d 854 (1974), cert. denied 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). The remand order was for consideration of whether the result was mandated by federal or state law. On remand, our Supreme Court adopted the holding in *Campana* pursuant to the Court's supervisory power.

On November 1, 1974, appellant pleaded guilty to the § 624 charge which issued on October 2. At that time, the court ordered him to pay a fine and the cost of prosecution in the amount of $105.00. Subsequently, the Lancaster County Grand Jury indicted the appellant for violation of § 1037. At appellant's December 6, 1974 arraignment, he moved to quash the indictment because further proceedings would constitute double jeopardy and because our Supreme Court's holding in *Commonwealth v. Campana,* supra, precludes two trials based on the same underlying criminal episode. See Amendment V, United States Constitution; *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The court denied the motion and the case was listed for trial. Before appellant's March 17, 1975 trial, he again raised the issue. Appellant waived a jury and was found guilty by the lower court. Immediately after trial, appellant argued the violation of double jeopardy in oral post-verdict motions. See Rule 1123(b), Pa.R.Crim.P., 19 P.S.Appendix. This appeal followed.

Appellant argues that the Commonwealth has violated the holding of *Commonwealth v. Campana,* supra, and § 110 of the Crimes Code.[4] Section 110 provides that:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

"(i) any offense of which the defendant could have been convicted on the first prosecution;

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known

4. I believe that § 110 and *Campana* should be viewed as co-terminus. See Comment, *Commonwealth v. Campana & Section 110 of the Crimes Code: Fraternal Twins,* 35 U.Pitt.L.Rev. 275 (1973). If it were otherwise, and *Campana* were held to be broader than § 110, I believe that absent a decision by the Supreme Court to overrule *Campana,* we would be bound by its holding.

to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;

"(iii) the same conduct, unless:

"(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

"(B) the second offense was not consummated when the former trial began."

At first blush, the instant facts would appear to be squarely within the statute. As noted by the Supreme Court in *Campana,* the Comment to § 1.08 of the Model Penal Code, "which bars a second prosecution 'based upon the same facts' as that of the first, states that the purpose of the section is to protect defendants from: 'successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a "hold" upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials.' " 452 Pa. at 248, 304 A.2d at 439. The Majority suggests that "[i]t may be granted that appellant has been subjected to 'double prosecution.' At his hearing on the summary charge of operating after revocation of privilege, he could not set up as a bar the prosecution for operating under the influence, because, while that prosecution was a 'former prosecution,' it had not yet 'resulted in an acquittal or in a conviction. . . .' 18 Pa.C.S. § 110(1). Later, at his trial for operating under the influence, he could not set up as a bar the prosecution for operating after revocation of privilege, because, while that prosecution had resulted in a conviction (a plea of guilty), it was not a 'former' but a 'subsequent' prosecution. The short answer to appellant's dilemma, however, is that section 110

does not bar all double prosecutions *but only those within its terms.*" 247 Pa.Super. at 478–480, 372 A.2d at 926–927. (Emphasis added). There is scant difference between commencing one prosecution only after disposition of another offense and filing separate complaints and then trying those charges seriatim. As noted by this Court in *Commonwealth v. Green,* 232 Pa.Super. 134, 141–42, 335 A.2d 493, 496 (1975), "[t]he purpose of such a requirement as expressed by the courts of this Commonwealth is to avoid harassment and oppression of the citizen through repeated efforts by the authorities to obtain a conviction, and to protect societal interest against piecemeal litigation which drains judicial and professional resources. *Commonwealth v. Campana,* supra; *Commonwealth v. Beam,* [227 Pa.Super. 293, 324 A.2d 549 (1974)]." Further, a close reading of *Campana* underscores the view that the evil proscribed is "double prosecution" (which the Majority concedes is present in the instant case). For example, the Court endorsed the language of the Model Penal Code: "By far the most efficient and enthusiastically received proposal for preventing successive prosecutions is that advanced by the American Law Institute Model Penal Code (§ 107(2)): '[A] defendant shall not be subject to *separate* trials for multiple offenses *based on the same conduct or arising from the same criminal episode, if such offenses are known* to the appropriate prosecuting officer at the time of the commencement of the first trial. . . . ' " (Emphasis by the Supreme Court). Quite simply, I view the clear proscription of both *Campana* and § 110 to be double or successive prosecutions.

Despite the import of *Campana,* the Majority believes that the Code and *Campana* do not proscribe all successive or double prosecutions. The Court reaches that result by a strained reading of the Code. Section 110 speaks in terms of a "former prosecution" and a "subsequent prosecution." A common sense reading, consistent with the legislative intent, see Model Penal Code, § 107(2) and the Comment thereto, would focus on the fact that the underlying criminal episode has been the subject of two trials. The Majority, however, looks beyond § 110 to § 108(e) for a definition of "prosecu-

tion". "A prosecution is commenced either when an indict-ment is found or when a warrant or summons is issued, if such warrant or summons is executed without reasonable [sic] delay." Section 108 does not define either "prosecu-tion", "former", or "subsequent." Further, the section es-tablishes the various statutes of limitations; subsection (e) has the limited purpose of identifying when the statute is tolled by commencement of prosecution. There is no indica-tion that the legislature or the American Law Institute, drafters of the Model Penal Code, envisioned subsection (e) as a technical exception to the requirements of § 110. Thus, by borrowing a term from an unrelated section, aimed at an unrelated legal issue, and by incorporating it into § 110, the Majority concludes that appellant has turned § 110 "on its head." I suggest that the Majority's reading of the statute is clearly erroneous and that appellant's claim is squarely within the statutory prohibition.[5]

Therefore, I would reverse the judgment of sentence and order appellant discharged.

---

**5.** As an administrative matter, application of *Campana* to traffic violations may be a burden. Because the result is dictated by a statutory provision and the Supreme Court's supervisory rule in *Campana* (see Addendum Opinion), the legislature would be free to change what I believe is the current law of compulsory joinder.