399 A.2d 747

**COMMONWEALTH of Pennsylvania**

**v.**

**William Joseph EDWARDS a/k/a William Joseph Marnoch, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided March 16, 1979.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and LIPEZ, JJ.

CERCONE, President Judge:

The instant appeal arises from the lower court's refusal to quash an indictment charging appellant with criminal conspiracy, theft by unlawful taking, and theft by receiving stolen property. Appellant contends that his prosecution on these charges would constitute double jeopardy under the doctrine of *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), explained 455 Pa. 622, 314 A.2d 854, *cert. denied* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), as well as under our Crimes Code, 18 Pa.C.S. § 110 (1973).[1] We agree, will reverse the order of the court below, and discharge appellant. The relevant facts are as follows:

On February 4, 1977, at approximately 1:00 P.M., two parcels were unlawfully removed from a United Parcel Services truck which was parked in Lower Moreland Township, Pennsylvania. An eyewitness reported seeing a tan, fairly old, American-built vehicle parked near the truck. The witness also reported seeing one man running from the truck with a package under his arm and entering the automobile, for which the witness provided a license plate number. The car then sped off with its occupants, two white males and two white females.

Shortly thereafter, although he had not learned of the theft, a local police officer began to follow a car fitting that description because the occupants were evidently trying to conceal something on the floor and acted suspiciously concerning his presence behind them. The police officer then received a radio message reporting the theft and describing the car. Consequently, he ordered the vehicle to a halt and

1. Appellant also contends that he was denied the protection of Pa.R.Crim.P., Rule 1100, 19 P.S. (App.). Because of our disposition of this case on other grounds, we need not determine whether the speedy trial question is properly reviewable at this time as ancillary to the double jeopardy question and, if so, whether appellant's contention has merit.

discovered one of the stolen packages inside. The second package was subsequently found beside the road along the route the car had taken.

██ Appellant was one of the occupants of the car and repeatedly gave false identification of himself. Not until fingerprinting revealed his true identity did appellant correctly identify himself. Due to his attempts to mislead the police by providing false identification, appellant was separately charged under the Crimes Code with unsworn falsification to authorities, 18 Pa.C.S. § 4904 (1974). On June 1, 1977, appellant pleaded guilty to this charge. In October, 1977, appellant and his co-defendants were tried for the other offenses, but the jury was unable to reach a verdict and a mistrial was declared. Subsequently, the trial court set down a new date for trial and this appeal, raising the double jeopardy claim, ensued.[2]

██ In pertinent part Section 110 of the Crimes Code provides:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is

**2.** Appellant's initial motion to dismiss pursuant to Section 110 of the Crimes Code was filed on September 9, 1977. The Commonwealth filed no answer, but the motion was set down for hearing and argument on the date set for trial. After hearing and argument, on October 12, 1977, the court denied the motion and the trial commenced the next day; the jury, apparently, had already been picked. Despite the intervention of the trial resulting in a hung jury, appellant filed his appeal in this court prior to the expiration of thirty days from the date of the denial of his motion. See Pa.R.App.P., Rule 902.

The denial of a motion to dismiss based upon double jeopardy is generally immediately appealable despite the interlocutory aspects of such an order. *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977). See also *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977). It is still an open question in this Commonwealth whether one may await the denial of post verdict motions to raise on appeal the double jeopardy question, insofar as the multiple trial aspect of that protection is concerned. Compare *Commonwealth v. Potter,* 478 Pa. 251, 386 A.2d 918, 920 n. 3 (1978), with *Commonwealth v. Holmes,* 480 Pa. 535, 391 A.2d 1015 (1978). Cf. *Commonwealth v. Rabik,* 259 Pa.Super. 456, 393 A.2d 916 (1978). In light of the peculiar facts of the instant case, it is unnecessary to treat this latter problem herein, especially since it has neither been briefed nor argued by the parties.

based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense."

The Commonwealth concedes, as did the court below in its opinion, that all the offenses with which appellant was charged were known to the appropriate prosecuting authority and fell within the jurisdiction of a single court. The Commonwealth contends only that appellant's deliberate misidentification of himself was not part of the same criminal episode as the theft of the two parcels from the UPS truck.[3] The Commonwealth rests its position on the fact that the unsworn falsifications occurred at a time and a place removed from the scene of the alleged theft, and that the elements of the offenses of theft and conspiracy are entirely different from those of unsworn falsification to authorities. The lower court went further in its opinion in

---

**3.** Recently, our Supreme Court decided the question of waiver which troubled this court in *Commonwealth v. Stewart,* 257 Pa.Super. 334, 390 A.2d 1264 (1978) and *Commonwealth v. Erisman,* 247 Pa.Super. 476, 372 A.2d 925 (1977). The Court ruled that despite the fact charges arising from the same criminal episode are pending against the defendant at the same time, the defendant is not obliged to move for consolidation of the charges in order to preserve his double jeopardy claim as that protection is delineated in Section 110 of the Crimes Code. See *Commonwealth v. Holmes,* 480 Pa. 535, 391 A.2d 1015 (1978). It is therefore unnecessary that we discuss this issue in the instant case.

In addition, the Commonwealth concedes that the prosecution for unsworn falsification to authorities was a separate proceeding from the prosecution on the other charges. Hence, our decision herein is consistent with our decision in *Commonwealth v. Bartley,* 262 Pa.Super. 390, 396 A.2d 810 (1979).

stating that "it would be ludicrous to hold that unlawful conduct committed at the time of arrest is part of the same episode as the original crime." We find, on the contrary, in many situations that is precisely the intendment of the phrase "same criminal episode."

It is true there is no definitive case in Pennsylvania which has employed the term "same criminal episode" in a fashion useful to the instant analysis. However, Section 110 of the Crimes Code traces its ancestry to the Model Penal Code, and the commentary to the Model Penal Code has been used in determining the meaning of identical language in similar provisions in the Crimes Code. See, e. g., *Commonwealth v. Erisman*, 247 Pa.Super. 476, 480, 372 A.2d 925 (1977). In this regard, the Model Penal Code, § 1.08, Comment at p. 37 (Tent. Draft # 5, 1956) is most instructive. In discussing the meaning intended by "same criminal episode" the Model Penal Code explains:

"In many instances one offense is a necessary step in the accomplishment of a given criminal objective; in other instances the commission of an additional offense may result from the attempt to secure the benefit of a previous offense or to conceal its commission. . . . The draft requires only that such offenses be adjudicated in a single trial."

While it cannot be precisely said that appellant's unsworn falsifications resulted from his attempt to secure the benefit of the theft offenses (the parcels had already been recovered) or conceal its commission, it certainly was an effort to avoid prosecution for the offenses, much as resisting arrest would be. Had appellant's ploy been successful, once he had been admitted to bail the Commonwealth would have found it difficult to locate him. In addition, appellant's attempts to mislead the police occurred within one-half hour of the alleged offenses, and while he was still in the company of his accomplices making their "getaway." And, finally, appellant's false statements were relevant evidence against him in his trial for the principal offenses; his actions in misleading the police reflected a guilty state of mind. One of the

more important considerations in determining whether criminal offenses may and should be joined for trial is whether proof of one offense is relevant to proving the other. See, e. g., ABA, Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance § 1.1(b), Commentary (Approved Draft 1968). Thus, the Commonwealth erred in not moving to consolidate the unsworn falsification offense with the theft and conspiracy offenses for trial.

For the foregoing reasons, the order of the court below is reversed, and appellant is discharged.