428 A.2d 624

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert Allen BEATTY.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed April 10, 1981.

Reargument Denied July 10, 1981.

Gerard Long, District Attorney, Ebensburg, submitted a brief on behalf of Commonwealth, appellant.

Michael Handler, Indiana, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

The court below granted appellee's pre-trial motion to dismiss a charge of aggravated assault [1] against him. We reverse.

On March 14, 1979, automobiles driven, respectively, by appellee and Kenneth Edwards collided on a public highway. Both stopped and left their cars, and appellee struck Edwards, breaking his jaw. Appellee then drove away without identifying himself.

On March 26, a Pennsylvania State Police officer, after investigation of the incident, filed a charge of aggravated assault against appellee. On March 30, another State Police officer filed a summons against appellee for failure to identify himself at the scene of the accident,[2] which is a summary offense under the Vehicle Code.[3] On April 3, appellee waived a preliminary hearing on the aggravated assault charge and was bound over to the court thereon. On April 6, he pled guilty to failure to identify and paid costs and a fine. Appellee argued below that the disposition, by guilty plea, of the prosecution for the failure to identify

1.  18 Pa. C.S. § 2702.

2.  75 Pa. C.S. § 3744.

3.  75 Pa. C.S. §§ 101–8122.

barred the Commonwealth's pursuit of the aggravated assault prosecution. The trial court agreed, and the Commonwealth appeals.

Appellee relies principally on *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). In that case, the Supreme Court of Pennsylvania held "that all charges resulting from the same criminal episode . . . should [be] consolidated at one trial . . . ." 452 Pa. at 240, 304 A.2d at 434 (emphasis, quotation marks and footnote deleted).[4]

It is clear that the two crimes involved in the instant case arose from the same criminal episode. *See Commonwealth v. Edwards*, 264 Pa.Super. 223, 399 A.2d 747 (1979). Section 110 of the Crimes Code,[5] therefore, controls. *Commonwealth v. Green*, 232 Pa.Super. 134, 139, 335 A.2d 493, 495 (1975). Section 110 provides in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution . . . it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:
>
> .    .    .    .    .
>
> (ii) any offense . . . arising from the same criminal episode . . . .

The facts of the case before us are substantially similar to those of *Commonwealth v. Erisman*, 247 Pa.Super. 476, 372 A.2d 925 (1977). In *Erisman*, the defendant was charged first with driving under the influence of intoxicating liquor

4. Although this holding was based, at first, on the Double Jeopardy Clause of the Fifth Amendment as applied to the States through the Fourteenth Amendment to the United States Constitution, the Supreme Court of Pennsylvania held, upon remand from the United States Supreme Court to determine the issue, that it was grounded in its supervisory power over state proceedings. 455 Pa. at 626, 314 A.2d at 856.

5. 18 Pa. C.S. § 110.

and then with driving after revocation of his license; both offenses had arisen from the same criminal episode. He pled guilty to driving after the revocation, and, several weeks later, was indicted on driving under the influence. His argument was identical to that of the instant appellee. The Superior Court of Pennsylvania held, under the statutory language quoted above, that the prosecution for driving under the influence, having been commenced first,[6] was " 'former' to, and therefore could not be barred by the . . . prosecution for operating after revocation of privilege." 247 Pa.Super. at 479, 372 A.2d at 926.

Similarly, in the case before us, the aggravated assault prosecution having been commenced before the prosecution for failure to identify, it is "former" to the second charge within the meaning of section 110 and, therefore, is not barred by appellee's guilty plea which disposed of the second prosecution. *Id.*

Appellee's claims—that *Erisman* is factually distinguishable from the instant appeal, is legally incorrect, and should be reconsidered—are without merit.

The order of the court below is reversed, the information is reinstated, and the cause is remanded for trial.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

The majority reaches the result that it does by its erroneous reliance on *Commonwealth v. Erisman*, 247 Pa.Super. 476, 372 A.2d 925 (1977)—erroneous because I believe *Erisman* to be wrongly decided.

The simple rule which controls this case is that where a criminal episode results in two or more separate charges against a particular person, the Commonwealth ordinarily must bring all such charges to trial at the same time. Failure to do so will bring the Commonwealth into conflict with the plain wording and meaning of Section 110 of the

---

**6.** 18 Pa. C.S. § 108(e) provides:

A prosecution is commenced either when an indictment is found or when a warrant or summons is issued, if such warrant or summons is executed without [un]reasonable delay.

Crimes Code, 18 Pa.C.S. § 110, as well as *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1974)[1] and *Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981).[2]

In *Stewart* the defendant was arrested and charged with having a pistol on his person as well as possession of heroin. He was prosecuted, in separate trials, over two months apart, on such charges. The supreme court, by Justice Roberts, found that the Commonwealth prosecution on the charge of possession of heroin was barred by defendant's prior conviction for unlawful possession of a firearm citing 18 Pa.C.S. § 110. The firearm charge was filed on the arrest date, April 15, 1974 and a complaint charging heroin was filed May 30, 1974. On January 24, 1975 the Commonwealth brought appellate to trial on the firearms charge, to which appellant entered a plea of guilty and was sentenced to probation and a fine. On April 1, 1975 the defendant was tried and convicted on the heroin possession charge, and after dismissal of post-verdict motions defendant was sentenced. Our court affirmed the conviction.[3] In reversing, the supreme court pointed out that:

> Moreover, the two offenses with which appellant was charged were clearly part of the same "episode": appellant's crimes consisted of the possession of heroin and a gun at precisely the same time, 9:00 p. m. on April 25, 1974.

*Commonwealth v. Stewart, supra,* at 4 of slip op.

Instantly, we have a factual situation whereby defendant appellant was involved in an automobile accident on March

1. *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

2. There are of course exceptions, not applicable here, as where a defendant waives his right to consolidation of all charges arising from the same criminal episode by pleading guilty to some but not all of the charges, i. e., where it is by defendant's choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence on charges arising from the same criminal episode.

3. *Commonwealth v. Stewart*, 257 Pa.Super. 334, 390 A.2d 1264 (1978), with two of six judges dissenting.

14, 1979. He got out of his vehicle, assaulted the other driver and then left the scene without identifying himself. He was subsequently charged with aggravated assault (18 Pa.C.S. § 2702) and failing to identify himself at the scene of the accident, a summary offense under the Vehicle Code (75 Pa.C.S. § 3744). On April 6, 1979 the Commonwealth prosecuted him on the failure to identify charge and he was sentenced to pay a fine and costs. Subsequently, the Commonwealth attempted to prosecute the defendant-appellant on the aggravated assault charge and the lower court correctly held that the later prosecution and trial was barred.

The majority of this panel agrees that both crimes arose from the same criminal episode, but, relying on *Erisman* and its convoluted formula, reverse the lower court and give the Commonwealth the green light for a "second bite at the cherry."[4]

Since this majority panel decision conflicts with a common sense reading of 18 Pa.C.S. § 110, I dissent.

---

4. The proper view, I believe, of *Erisman* is found in Judge Hoffman's dissent in that case. I find *Erisman* to be predicated on a convoluted formula because of the definition used for "prosecution." It is a technical definition which destroys the purpose of 18 Pa.C.S. § 110. "Former prosecution" should refer to the first trial or guilty plea proceeding and *not* to the first crime charged against the defendant.