452 A.2d 793

**COMMONWEALTH of Pennsylvania**

**v.**

**Lance LAWSON, Appellant.**

Superior Court of Pennsylvania.

Argued April 5, 1982.

Filed Nov. 19, 1982.

Mary McNeill Zell, Philadelphia, for appellant.

Frank Capaldo, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CAVANAUGH, Judge:

At 1:30 p.m. on September 9, 1980, the owner of a 1979 white Chevrolet Camaro Z 28 automobile reported to the police of Plymouth Township, Montgomery County, that her car had been stolen. At about 3:30 p.m. on the same day

police of Tredyffrin Township, Chester County, were notified that gasoline had been stolen from an ARCO Station in Berwyn, Chester County and that a white Camaro Z 28 was involved in the offense. Tredyffrin Township police observed a Camaro automobile meeting the description and gave pursuit. While chasing the suspected vehicle the police officers were advised that the car had been reported stolen earlier in the afternoon.

Appellant, Lance Lawson, was one of the occupants of the automobile and was apprehended by Tredyffrin Township police. He was charged by the police with criminal conspiracy, receiving stolen property, and unauthorized use of an automobile. While the appellant was in the custody of the Tredyffrin Township police, an officer from Easttown Township, Chester County, arrived and served him with a citation charging retail theft of the gasoline from the ARCO Station in Berwyn. This charge involved a summary offense under The Crimes Code, 18 Pa.C.S.A. § 3929 as the amount involved was less than $100.00. On the same evening the appellant was arraigned on the charges of unauthorized use of an automobile, receiving stolen property and criminal conspiracy.[1]

The appellant requested a hearing before a district justice on the charge of retail theft and he was found not guilty of the charge on January 7, 1981. Subsequently, he filed a motion to quash the information on the other charges since he had been found not guilty of the summary offense. The court below dismissed the motion to quash and the appellant has appealed to this court from the order of dismissal.[2]

1. The crimes with which the appellant was charged are set forth in the Crimes Code as follows:
    (1) Criminal conspiracy, 18 Pa.C.S.A. § 903.
    (2) Unauthorized use of an automobile, 18 Pa.C.S.A. § 3928.
    (3) Receiving stolen property, 18 Pa.C.S.A. § 3925.

2. This court may hear appeals from an order denying a motion to quash where the motion is based on the appellant's privilege not to be placed twice in jeopardy. *See Commonwealth v. Bolden,* 472 Pa.

The sole issue for our determination is whether the finding of not guilty of the summary offense of retail theft requires dismissal of the charges of receiving stolen property, unauthorized use of a motor vehicle and criminal conspiracy. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334 § 1, et seq. 18 Pa.C.S.A. § 110, sets forth the circumstances in which prosecution is barred by former prosecution for a different offense as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

■ Under the above statute, prosecution is barred following acquittal in a former prosecution "for any offense based on the same conduct or arising from the same criminal

602, 373 A.2d 90 (1977); *Commonwealth v. Edwards,* 264 Pa.Super. 223, 399 A.2d 747 (1979).

episode . . ." The appellant relies on the case of *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974),[3] to support his contention that he would have been placed in double jeopardy if he was tried for the misdemeanor offenses after having been acquitted of the charge of retail theft, a summary offense, as the charges were based on the same criminal episode. In *Campana,* the defendant was involved in an incident with a police officer and was charged with disorderly conduct. Following a hearing before a justice of the peace he was found not guilty. He was subsequently found guilty of resisting arrest and assault on a police officer. The Supreme Court held that the defendant was subjected to double jeopardy as the charges arose from the same criminal episode and should have been consolidated at one trial.

The concept of same criminal episode was defined in *Commonwealth v. Campana, supra,* as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." 452 Pa. at 248, 304 A.2d at 439. *See also Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975).

A concrete example of what constitutes the same criminal episode is illustrated in *Commonwealth v. Breitegan,* 276 Pa.Super. 181, 419 A.2d 155 (1980) where the defendant was involved in a two car collision. The driver of the other vehicle was killed and the defendant was hospitalized in critical condition. The defendant was cited for three motor vehicle violations and entered a guilty plea. Subsequently, additional misdemeanor charges were placed against the

---

**3.** *Commonwealth v. Campana, supra,* was based on occurrences that took place prior to the effective date of the Crimes Code. However, it was stated in *Commonwealth v. Campana* at 455 Pa. 622, 314 A.2d 855, 856:

> The result this Court reached in *Campana* is entirely in harmony with section 110 of our Crimes Code, which became effective shortly after our decision and is now in effect. 18 Pa.S. § 110 (1973) (effective June 6, 1973).

defendant. The court reversed an order of the lower court denying defendant's motion to quash the information containing the three misdemeanor charges. This court held that it was clear that all criminal charges brought in both prosecutions arose from the same criminal episode, the fatal accident of July 4, 1978 and the manner in which the appellant operated her motor vehicle immediately prior thereto. In *Commonwealth v. Green, supra,* this court determined that a defendant's activities constituted a single episode when he drew a knife and in an ensuing scuffle, two men and a woman were stabbed.

■ In the instant case, the theft of the gasoline in Berwyn occurred some two hours after the automobile in question was removed from the Plymouth Meeting Mall in Montgomery County. The offense of receiving stolen goods pertaining to the car as well as the charges of criminal conspiracy and unauthorized use of a motor vehicle were completed prior to the offense of retail theft of the gasoline and were unrelated to it. Appellant contends that all that transpired was one criminal episode. He argues that the gasoline was taken in order that the occupants of the Z 28 Camaro might flee the authorities and enjoy the use of their stolen auto and that the purpose of using the automobile was at least partly to avoid apprehension for the retail theft of gasoline. This argument is not based on the record and overlooks the fact that the misdemeanors occurred a considerable time prior to the summary offense, and, of course, the appellant could have been tried for the misdemeanors even if the theft of the gasoline had not occurred.

The appellant relies on *Commonwealth v. Edwards,* 264 Pa.Super. 223, 399 A.2d 747 (1979) to establish that the offenses in the instant case arose from one criminal episode. In that case two parcels were stolen from a United Parcel Service truck. A man was observed running from the truck and entering an automobile which then sped off. Shortly thereafter a police officer stopped the vehicle and discovered one of the stolen packages inside. The defendant was one of the occupants and repeatedly gave the police officer false

identification. He was charged with making unsworn falsification to authorities and entered a guilty plea to this charge in June, 1977. In October, 1977, the defendant was tried for the offenses of criminal conspiracy, theft by unlawful taking and receiving stolen property. Subsequently, the appellant's motion to quash the indictments charging these offenses was denied by the lower court. On appeal to this court we reversed on the grounds that the Commonwealth erred in not consolidating the unsworn falsification charge with the other charges for trial as the offenses arose from the same criminal episode. This court gave great weight to the fact that the appellant's attempt to mislead the police occurred within one-half hour of the other alleged offenses and while he was still in the company of his accomplices making their getaway. The court also noted at 264 Pa.Super. 223, 399 A.2d at 750:

And, finally, appellant's false statements were relevant evidence against him in his trial for the principal offenses; his actions in misleading the police reflected a guilty state of mind. One of the more important considerations in determining whether criminal offenses may and should be joined for trial is whether proof of one offense is relevant to proving the other.

The facts in *Edwards, supra,* are readily distinguishable from those in the instant case and proof of the offense of retail theft is not relevant to proving the misdemeanor charges against the appellant.

Our case falls within the framework of incidents where the court has found that the activities were not part of the same criminal episodes. In *Commonwealth v. Lee,* 291 Pa. Super. 164, 435 A.2d 620 (1981) the defendant stabbed a man in the chest and stomach over a debt. He then walked up the street to talk to his girlfriend and forty minutes later he stabbed her in the chest. The defendant argued that since he had a plan to assault a number of people that night as it was "grudge night" on North Woodstock Street, each assault was part of the same criminal episode. This court held that the assaults, although close in proximity in time, were

separate activities and not part of a continuous activity. Accordingly, the Commonwealth did not have to consolidate all known charges under the Crimes Code, 18 Pa.C.S.A. § 110(1)(ii). Another case involving an example of a separate episode was where a defendant was stopped for speeding. While the police officer was seated in his patrol car writing a citation, an altercation ensued and the defendant was arrested for aggravated assault and other offenses. The defendant was found guilty of the speeding charges. The court denied his motion to quash the indictments charging aggravated assault, recklessly endangering another person and resisting arrest as the episodes were separate. *Commonwealth v. Hackman,* 73 D & C 2d 311 (Northampton County—1975).

Finally, the Commonwealth argues that even if the charges in this case arose out of the same criminal episode the summary prosecution for the retail theft occurred after the prosecution.for the misdemeanor charges.[4] We do not

4. To support this argument the Commonwealth relies on *Commonwealth v. Erisman,* 247 Pa.Super. 476, 372 A.2d 925 (1977) and its genre *Commonwealth v. Beatty,* 286 Pa.Super. 166, 428 A.2d 624 (1981). In *Commonwealth v. Erisman,* 247 Pa.Super. 476, 372 A.2d 925 (1977), the defendant was arrested on August 23rd and charged with operating under the influence. On October 2, the officer who made the arrest brought a summary charge of operating a motor vehicle after revocation of operating privileges. On November 1, the defendant entered a guilty plea to the summary charge. On December 3, he was charged with operating under the influence. This Court in an opinion by Spaeth, J. (concurring opinion by Cercone, J. in which Price joined; dissenting opinion by Hoffman, J.) found that the defendant's trial and conviction for operating under the influence was not barred by Section 110(1)(ii) because the prosecution for the summary offense was not a "former" but a "subsequent" prosecution. The reasoning was based on the fact that the warrant for operating under the influence was issued on August 24, and the prosecution commenced on that date. The summons on the summary charge of operating after revocation was not issued until October 2, and therefore the prosecution for operating under the influence was "former" to and could not be barred by the summary prosecution for operating after revocation of privilege. Judge Hoffman dissented on the ground that Section 110 barred the prosecution for operating under the influence and that the majority engaged in a "tortuous reading" of Section 110. 247 Pa.Super. at 482, 372 A.2d at 928.

422

reach the merits of this argument as we find that the summary charge on which the appellant was acquitted arose from a different criminal episode than those on which the misdemeanor charges were based.

Order affirmed.

In *Commonwealth v. Beatty,* 286 Pa.Super. 166, 428 A.2d 624 (1981), this court was again confronted with criminal activity arising out of the same criminal episode. This court held that on the basis of *Commonwealth v. Erisman, supra,* the summary proceedings did not bar prosecution for aggravated assault, as the aggravated assault prosecution was commenced before the prosecution for the summary offense and therefore it was "former" to the summary offense. Judge Wickersham in a dissenting opinion stated that former prosecution should refer to the first trial or guilty plea proceeding and not to the first crime charged against the defendant, and noted his disagreement with "... Erisman and its convoluted formula." 286 Pa.Super. at 171, 428 A.2d at 627.