## Commonwealth v. Egan

*James J. Rosini,* assistant district attorney, for the Commonwealth.

*Peter T. Campana,* for defendant.

RANCK, *J.,* August 30, 1983—Defendant, Joseph Walter "Mike" Egan, a former police officer in the City of Sunbury, was charged with various criminal offenses filed in three separate Informations. On January 14, 1981, after a trial by jury on the charges alleged in one[1] of the Informations, defendant was convicted of theft by unlawful taking, theft by receiving stolen property, theft by extortion, theft by failure to make required disposition, obstructing administration of the law, and aiding consummation of a crime.[2].

Defendant then filed a motion to dismiss criminal informations pursuant to 18 Pa. C.S.A. §110 and the

---

1. The Information was filed to No. 81-280.
2. 18 Pa. C.S. §3921, 3925, 3923, 3927, 5101, 5107, respectively

Double Jeopardy Clasues of the United States and Pennsylvania Constitutions. After hearing, we denied defendant's motions and he appealed. Pursuant to Pa. R.A.P. 1925(a), we file this opinion to complete the record on appeal.

The events leading up to Egan's conviction at the January 14, 1982 trial involved two meetings held between defendant and one Mark Bolig. Bolig, along with Kenneth Merrill, had burglarized the Mahanoy and Mahantongo Telephone Company in Herndon, Pa., taking approximately $32,000. Egan became aware of the burglary, although it had occurred in an area outside of the jurisdiction of the Sunbury police, and became suspicious of Merrill. Egan visited Merrill at Merrill's home on several occasions in January and February of 1981, and during one of these visits, Egan questioned him about the burglary. Merrill admitted both his and Bolig's involvement in the burglary, and further advised Egan that he had spent his share of the money but that Bolig probably still had some money remaining.

Egan contacted Bolig on February 13, 1981, and arranged a meeting between the two of them to be held later that day at the Sunbury police station. Egan confronted Bolig about the burglary of the telephone company, and stated that if Bolig would give the remaining money to him, no charges would be filed against Bolig. Bolig complied with defendant's request by leaving the station, and returned approximately one hour later with the remaining cash.

The charges still pending against defendant are contained in the other two Informations and result from two separate occurrences. One of these allegedly took place in January or February of 1981. Testimony at the preliminary hearing indicated that Merrill was brought to the Sunbury police station

for questioning about an incident unrelated to the burglary of the telephone company. While there, Egan informed Merrill that a search warrant was being issued for Merrill's home. The two of them then left the station, proceeded to Merrill's residence where they conducted their own search before the police could conduct the official one. In Egan's presence, Merrill removed a box from a kitchen closet containing marijuana and LSD. Egan, who was aware of the contents of the box, did not arrest or charge Merrill with possession of controlled substances. As a result of this incident, the charges of hindering apprehension of prosecution, obstructing administration of law, and aiding consummation of a crime[3] were filed[4] against defendant.

The remaining charges stem from alleged conversations between Merrill and Egan which took place at the Northumberland County Prison on March 4, 1981. Merrill, who had not yet been charged for the burglary of the telephone company, had been arrested and placed in confinement on March 3, 1981, for the burglary of a beer distributor. According to the testimony at the preliminary hearing, Officer Egan told Merrill to contact Celliti, the other party involved in the burglary of the beer distributor, and to tell him not to testify about Merrill's involvement in that burglary. Defendant also instructed Merrill not to divulge any information to the police about the burglary of the Mahanoy and Mahantongo Telephone Company. As a result of this conversation, the charges[5] of obstructing administration of law, criminal attempt of hindering apprehension, crimi-

---

3. 18 Pa. C.S. §§5105(4), 5101, 5107, respectively.
4. These charges were filed to Information No. 81-279.
5. These charges were filed to Information No. 81-281.

nal attempt of aiding consummation of crime, and criminal solicitation of obstructing administration of law[6] were brought against defendant.

18 Pa. C.S. § 110 sets forth the standards in which prosecution is barred by former prosecution for a different offense as follows:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted of the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil. . . ."

In Commonwealth v. Campana, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S. Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa.

---

6. 18 Pa. C.S. §§5101, 901, 901, 902, respectively.

622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S. Ct. 3172, 41 L.Ed.2d 1139 (1974), the "same criminal episode" was defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." 452 Pa. at 248, 304 A.2d at 439.

Defendant contends that he will be placed in double jeopardy if he is tried for the pending charges, as they stem from the same criminal episode for which he has already been tried and convicted.

In deciding whether the charges still pending against defendant arise from the same criminal episode, we look at a concrete example of that concept. In Commonwealth v. Stewart, 493 Pa. 24, 425 A.2d 346 (1981), during a stop and frisk, the police found a pistol and ten glassine packets containing what later proved to be heroin on defendant's person. A complaint was filed charging defendant with a violation of the firearms law, and a second complaint was later filed charging defendant with possession of heroin. Defendant entered a plea of guilty to the firearms charge, and a conviction by a jury for possession of heroin followed approximately three months later. In reversing the lower courts, the Supreme Court determined that the two charges should have been tried together. For conviction on either or both of the charges, the court found that the testimony of the same officers as to the incidents occurring at the same time and place would be required. Additionally, any challenges that defendant may have had to the legality of the stop and arrest as well as the credibility of the arresting officers would be as relevant to one charge as to the other.

The same criminal episode test was not met in Commonwealth v. Lawson, 306 Pa. Super. 414, 452

A.2d 793 (1982), where gasoline was stolen from an ARCO station and was used to fill an automobile which had been stolen from a parking lot only two hours earlier. The court found that even though the offenses occurred on the same day, involved the same vehicle and party, the charges related to the car theft were completed prior to the retail theft of the gasoline.

Clearly, the same criminal episode test is not met in the case at bar. The only connection we can find is that the burglary of the Mahanoy and Mahantongo Telephone Company provides a general background to the offenses. Conversations between defendant and Kenneth Merrill allegedly revolved around that burglary, and the cash Egan received from Mark Bolig had its origins from the burglary. The dates, times, locations, parties, factual background and nature of the incidents all differ materially, and each offense may be proved without any mention of the facts required to establish the other. Commonwealth v. Lawson, supra. We do not see the three criminal episodes arising out of the same transaction or criminal conduct.

Defendant alleges that the prosecution of the other offenses will violate his Constitutional rights, namely the Fifth Amendment of the Constitution of the United States which provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," and Article 1, Section 10 of the Pennsylvania Constitution which provides in part, "No person shall, for the same offense, be twice put in jeopardy of life or limb."

The Pennsylvania Supreme Court need not limit its decision to the minimum requirement of federal Constitutional law. Commonwealth v. Campana, 455 Pa. at 624. Since we found no violation of 18 Pa.

C.S.A. §110, it a fortiori constitutes no violation of the Constitutional provisions.

Defendant's double jeopardy rights have not been violated, and the two remaining criminal Informations need not be dismissed.

## ORDER

And now, September 2, 1982, after hearing and argument of counsel, defendant's motion to dismiss criminal informations pursuant to 18 Pa. C.S. §110, and the double jeopardy clauses of the United States and Pennsylvania Constitutions is hereby denied.