## Commonwealth v. Neidig

*James J. Rosini,* for the Commonwealth.
*Peter T. Campana,* for defendant.

RANCK, *J.*, December 23, 1983—On June 10, 1981, the premises of Charles W. "Billy" Neidig, Jr. were searched, and at that time, various items of stolen property and drugs and drug-related paraphernalia were seized. Defendant additionally made a statement to the officers concerning stolen guns. As a result of the search of defendant's residence and the statements made by him, Neidig was charged with several drug-related, theft and conspiracy offenses filed in seven informations. On November 11, 1982, after a trial by jury on the drug-related charges alleged in three[1] of the informations, defendant was convicted of possession of 24.5 grams of marijuana with intent to deliver,[2] possession of a small amount of marijuana,[3] unlawful delivery of 105.6 grams of marijuana,[4] and unlawful delivery of 14.5 grams of marijuana.[5] Defendant was found guilty on a charge of possession of methamphetamine with intent to deliver.[6]

Defendant subsequently filed a motion to dismiss the remaining criminal informations pursuant to 18 Pa.C.S. §110 and the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. We denied defendant's motions and he appealed.

Testimony at trial revealed that during the late morning hours of June 10, 1981, Officer Richard Higgins of the Coal Township Police Department executed a search warrant at Kirk Weaver's apartment, and as a result of the search, Weaver was arrested and charged with drug-related offenses and

---

1. These Informations were filed to nos. CR-81-292, CR-81-292, CR-81-293, and CR-81-294.
2. 35 Pa.C.S. §13(a)(30).
3. 35 Pa.C.S. §13(a)(31).
4. 35 Pa.C.S. §13(a)(30).
5. 35 Pa.C.S. §13(a)(30).
6. 35 Pa.C.S. §13(a)(30).

receiving stolen property. At the time of the search, Weaver implicated Neidig, stating that he had purchased the marijuana from Neidig at Neidig's residence. Based upon this information, Officer Higgins obtained a search warrant for Neidig's premises. (Neidig lived in a home with other relatives. The search was conducted in a room which defendant identified as his bedroom.)

In the course of the search, drug-related paraphernalia and suspected controlled substances were found. The alleged controlled substances seized at Neidig's and Weaver's residences were transported to the State Police Crime Lab and identified as controlled substances. Weaver admitted to purchasing both the quarter pound of marijuana, and the 14.5 grams from Neidig. Based on the evidence, Neidig was convicted on the drug charges previously stated.

The charges still pending against defendant are contained in four separate informations. While searching defendant's premises on June 10, 1981, the officers found various items of property which had allegedly been stolen. At the time of the search, Neidig commented that he knew where he could recover certain items. Two of the four informations concern sales of allegedly stolen property from Kirk Weaver to defendant. One[7] of these sales occurred in May, 1981, and involved a stolen television set. The second[8] information involved the sale of stolen coins occurring in June 1981. In each information, defendant was charged with receiving stolen property.[9]

---

7. Filed to no. CR-81-288.
8. Filed to no. CR-81-291.
9. 18 Pa.C.S. §3925.

A third[10] information charging receiving stolen property was filed as a result of defendant purchasing stolen fishing equipment from David Derck. Admissions made by Timothy Neary resulted in the fourth[11] information being filed. Neary averred that he had removed two shotguns, a rifle and fishing equipment from the home of Frank Glosek, and further stated that he and defendant entered into an agreement whereby Neary would sell the items to defendant. Neidig gave Neary $100, the remainder of the money to be received when Neary would deliver the stolen property to Neidig. This delivery never occurred, and Neidig was charged with attempt[12] of receiving stolen property and conspiracy.[13]

18 Pa.C.S. §110 set forth the standards in which prosecution is barred by former prosecution as follows:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted of the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such of-

---

10. Filed to no. CR-81-289.
11. Filed to no. CR-81-290.
12. 18 Pa.C.S. §901.
13. 18 Pa.C.S. §903.

fense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil . . . ."

In Commonwealth v. Campana, 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed 2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, L.Ed. 2d 1139 (1974), the "same criminal episode" was defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." 452 Pa. at 248, 304 A.2d at 439.

In deciding whether the charges still pending against defendant arise from the same criminal episode, we look at a concrete example of that concept. In Commonwealth v. Stewart, 493 Pa. 24, 425 A.2d 346 (1981), during a stop and frisk, the police found a pistol and ten glassine packets containing what later proved to be heroin on defendant's person. A complaint was filed charging defendant with a violation of the firearms law, and a second complaint was later filed charging defendant with possession of heroin. Defendant entered a plea of guilty to the firearms charge, and a conviction by a jury for possession of heroin followed approximately three months later. In reversing the lower courts, the Supreme Court determined that the two charges

should have been tried together. For conviction on either or both of the charges, the court found that the testimony of the same officers as to the incidents occurring at the same time and place would be required. Additionally, any challenges that defendant may have had to the legality of the stop and arrest as well as the credibility of the arresting officers would be as relevant to one charge as to the other.

The same criminal episode test was not met in Commonwealth v. Lawson, 306 Pa. Super. 414, 452 A.2d 793 (1982), where gasoline was stolen from an ARCO station and was used to fill an automobile which had been stolen from a parking lot only two hours earlier. The court found that even though the offenses occurred on the same day, involved the same vehicle and party, the charges related to the car theft were completed prior to the retail theft of the gasoline.

Defendant contends that he will be placed in jeopardy if he is tried for the pending charges. According to defendant, all charges brought against him resulted from the search of his premises; Kirk Weaver, who testified in the November 12, 1982, trial would also testify with regard to some of the other charges; the testimony of the police officers regarding the search and seizure would be the same; and all the crimes with which defendant has been charged took place during May-June, 1981.

In determining whether these acts arose from the same criminal episode, not only is the temporal sequence of events important, but the logical relationship among the acts must also be considered. Commonwealth v. Hude, 500 Pa. 482, 458 A.2d 177, 181 (1983). It is true that certain items and information concerning the alleged stolen property and the drugs and drug-related paraphernalia were obtained

at approximately the same time due to the search of Neidig's bedroom and Weaver's apartment. (This is contra to defendant's contention that all charges resulted from a search of his premises only). Weaver was also involved in two of the drug charges and two of the stolen property charges. Yet, even if Weaver did purchase the marijuana at the same time that he sold the stolen items to Neidig, Neidig would still not be placed in double jeopardy by having these crimes tried separately. The nature of the crimes of receiving stolen property and possession with intent to deliver differ materially, and each offense may be proved without any of the components necessary to establish the other. The dates, times, locations, parties, factual background and nature of the remaining incidents all differ materially. Commonwealth v. Lawson, supra. The third and fourth informations do not even involve Weaver and occurred at different times and locations.

Defendant alleges that the prosecution of the other offenses will violate his Constitutional rights, namely the Fifth Amendment of the Constitution of the United States which provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," and Article I, Section 10 of the Pennsylvania Constitution which provides in part, "No person shall, for the same offense, be twice put in jeopardy of life or limb."

The Pennsylvania Supreme Court need not limit its decision to the minimum requirement of federal Constitutional law. Commonwealth v. Campana, 455 Pa. at 624. Since we found no violation of 18 Pa.C.S. §110, it a fortiori constitutes no violation of the Constitutional provisions.

Defendant's double jeopardy rights have not been violated, and the remaining criminal informations need not be dismissed.