482 A.2d 1315

**COMMONWEALTH of Pennsylvania**

v.

**Gregory TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Oct. 12, 1984.

Petition for Allowance of Appeal Granted March 6, 1985.

James H. Rowland, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

POPOVICH, Judge:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Dauphin County against Gregory Taylor, appellant. On March 15, 1983, appellant was sentenced to pay a fine of $500.00 and undergo imprisonment in the Dauphin County Prison for not less than six

nor more than twenty-three months for the crime of carrying a firearm without a license.[1]

The sole issue raised by appellant is whether the trial court erred in failing to grant appellant's motion to dismiss this charge as being violative of 18 Pa.C.S.A. § 110 which is entitled "When Prosecution Barred by Former Prosecution for Different Offense."[2]

The circumstances which led to appellant's conviction occurred on April 6, 1982, at approximately 7:10 p.m. Officer Robert Klotzbeecher of the Harrisburg Police Department received a radio transmission concerning a domestic disturbance involving a pistol at 124 Baum Street. Appellant was reportedly involved. A sergeant of the Harrisburg Police Department responded to the call; and Officer Klotzbeecher immediately drove to an address supplied by radio, 438 Boas Street, which was subsequently determined to be the address of appellant's girlfriend. He knocked on the door and received no response. He then stationed himself at a vantage point from which he could view the house. After approximately 15 to 20 minutes, Officer Klotzbeecher observed a man who fit the description he had received leave the house and begin to walk down the street. The officer called to appellant, and appellant responded by turning and removing a pistol. The officer removed his service revolver, aimed it at appellant and twice ordered appellant to drop his pistol. Appellant obeyed and was immediately arrested. Officer Klotzbeecher charged appellant with carrying a concealed firearm in violation of 18 Pa.C.S.A. § 6106. As a result of the domestic disturbance, appellant was charged with simple assault; however, at the preliminary hearing, the district justice reduced the charge to harassment. Appellant was found guilty on that charge and subsequently fined $250.00 plus costs. The preliminary hearing on the assault charges was scheduled for April 14,

1. 18 Pa.C.S.A. § 6106. 1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973. As amended, 1973, Oct. 12, P.L. 283, No. 81, § 1, eff. June 6, 1973.
2. 1972, December 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

1982, and the preliminary hearing for the violation of firearms charge was scheduled for the next day.

Section 110 of the Crimes Code reads as follows:

Although a prosecution is for a violation of a different provision of the statute than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for: ...

(ii) Any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or ...

We hold that the subsequent prosecution for the firearms charge was barred by Section 110.

The necessity to consider the double jeopardy complaints will only arise if it is determined that the statutory provision does not require the grant of the relief requested. Here we find that Section 110 does, in fact, require a ruling that the second prosecution on the drug charges should have been barred and, therefore, we will not in this opinion discuss the constitutional claims.

*Commonwealth v. Hude*, 500 Pa. 482, 489, 458 A.2d 177, 180 (1983).

... In defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered.... In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If there is duplication, then the offenses are logically related and must be

prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require an "absolute identity of factual backgrounds."

*Id.,* 500 Pa. at 491, 458 A.2d at 181.

The radio transmission initially received by Officer Klotzbeecher specified that a pistol was involved in the domestic disturbance at issue. Fifteen minutes elapsed between the domestic disturbance and Officer Klotzbeecher's confrontation with the appellant. There was no "break" in appellant's criminal activity. *Commonwealth v. Lee,* 291 Pa.Super. 164, 435 A.2d 620 (1981). Other officers immediately charged appellant with assault by menace with a gun as a result of the domestic disturbance. It is manifest that the sole reason for Officer Klotzbeecher's interest in appellant that day and at that time and place was appellant's suspected involvement in the domestic disturbance, which involved a weapon.

> The interpretation of the term "single criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created .... Thus, where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and a separate trial would involve substantial duplication and waste of judicial resources.

*Commonwealth v. Hude,* 500 Pa. at 494, 458 A.2d at 183.

> In *Commonwealth v. Beam,* 227 Pa.Super. 293, 324 A.2d 549 (1974) this court noted that where a suspect was arrested for an instance of behavior constituting disorderly conduct and he proceeded to assault the arresting officer and resist the attempted arrest, all the charges brought against the suspect arose from the same incident or transaction, despite the time period during which they occurred or any slight change in locale.

*Commonwealth v. Green,* 232 Pa.Super. 134, 140, 335 A.2d 493, 496 (1975). Similarly, in *Commonwealth v. Edwards,*

264 Pa.Super. 223, 399 A.2d 747 (1979), two parcels were unlawfully removed from a UPS truck. An eye-witness described the men involved, and shortly thereafter, an officer observed occupants of a car acting suspiciously although he had not yet heard of the theft. That officer, during his surveillance of the automobile, received a radio message describing the car in question. He then ordered the vehicle to halt and recovered the packages. Appellant supplied a false identification. He was subsequently charged with unsworn falsification to authorities and pleaded guilty. He was later brought to trial with his co-defendants and charged with criminal conspiracy, theft by unlawful taking, and theft by receiving stolen property. The Commonwealth averred that the unsworn falsification charge was not part of the same criminal episode as the other charges because it occurred at a time and place removed from the scene of the theft.

... Appellant's attempts to mislead the police occurred within one-half hour of the alleged offenses, and while he was still in the company of his accomplices making their "getaway". And, finally, appellant's false statements were relevant evidence against him in his trial for the principal offenses; his actions in misleading the police reflected a guilty state of mind. One of the more important considerations in determining whether criminal offenses may and should be joined for trial is whether proof of one offense is relevant to proving the other.

*Id.*, 264 Pa.Super. at 228–29, 399 A.2d at 750.

Appellant testified that after he left the site of the domestic disturbance, he went to his girlfriend's house and attempted to leave the gun with her. He was apparently concerned that police would be looking for him. After he left her house, he attempted to find a place to "stash" the gun or hide it during which time he was necessarily "carrying" the aforesaid weapon. This attempt was successfully blocked by Officer Klotzbeecher's confrontation with appellant.

In many instances one offense is a necessary step in the accomplishment of a given objective; *in other instances the commission of an additional offense may result from the attempt to secure the benefit of a previous offense or to conceal its commission* ....

*Id.,* 264 Pa.Super. at 228, 399 A.2d at 750 (1979). (Emphasis added)

Although both charges arose on the same day and the Commonwealth was aware of them, the Commonwealth offers no reason behind its failure to consolidate.

The prosecution has a clear responsibility to assist in furthering judicial administration and economy.

*Commonwealth v. Holmes,* 480 Pa. 536, 542, 391 A.2d 1015, 1018 (1978).

It is clear under Pennsylvania law that defendant is not required to move to consolidate in order to preserve his double jeopardy contention. That remains the Commonwealth's burden.

*Commonwealth v. Dickerson,* 303 Pa.Super. 46, 49, 449 A.2d 570, 572 (1982).

Accordingly, we vacate the judgment of sentence.