504 A.2d 1341

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles FLENORY, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Feb. 10, 1986.

Robert Johnson, Assistant District Attorney, Greensburg, for Com., appellant.

Irving M. Green, New Kensington, for appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

This is a challenge to the order dismissing the criminal information against appellee. Appellee was convicted of a November 10, 1982 assault. At the time of trial, an information had been filed against appellee for the September 17, 1983 intimidation of a victim-witness to the assault. The court below found that the crimes rose from a single criminal episode and dismissed the information. We disagree.

Appellee and eight co-defendants were charged with criminal homicide, aggravated assault, and criminal conspiracy in connection with the death of one person and the injury of another on November 10, 1982. The cases against appellee and seven co-defendants were consolidated for trial. On September 17, 1983, appellee allegedly met with the surviving victim, a prosecution witness. The confrontation took place in a bar where appellee threatened and tried to bribe the witness, and brandished a handgun. On October 28, 1983, three days before trial began, the criminal information that is the subject of this appeal was filed against the appellee. The charges relating to the September, 1983 incident contained in the information were not raised at the trial for the November, 1982 incident.

Section 110 of the Pennsylvania Crimes Code provides in relevant part as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense. . . .

18 Pa.Con.Stat.Ann.Sec. 110 (Purdon's 1985). The charges against appellee stemming from the September, 1983 incident were dismissed pursuant to Section 110 on the grounds that they arose from the same criminal episode as the November, 1982 charges for which appellee had already been tried. The only question before us is whether the incidents arise from the same criminal episode.

■ Whether incidents are part of a single criminal episode depends on the facts of each case. *See Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1981) (where stop and frisk revealed gun and heroin, the offenses of carrying firearm and possession of heroin were single criminal episode, as simultaneous possessory offenses); *Commonwealth v. Taylor,* 334 Pa.Super. 242, 482 A.2d 1315 (1984) (harassment with gun at one location, and arrest for carrying concealed weapon 15 minutes later at different location where defendant had gone to conceal gun were part of same criminal episode); *Commonwealth v. Stewart,* 325 Pa.Super. 465, 473 A.2d 161 (1984) (theft by receiving stolen property and unlawful possession of controlled substance discovered in course of search connected with theft *not* same episode, not rendered part of same episode because evidence found during same search). The determination involves consideration of: (1) the temporal sequence of events; (2) the logical relationship between the acts, and (3)

whether they share common issues of law and fact. *See Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984).

■ The incidents in the instant case are not temporally close or contiguous. *See, e.g., Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975) (stabbings of three people all part of same criminal episode, even though they occurred in different places, when fight moved from porch to driveway). They occurred ten months apart. They were not part of a continuing series of occurrences. *See Hude*, 500 Pa. at 484–487, 458 A.2d at 178–179.

There is a relationship between the acts, but it is not the type of logical relationship that will bar the subsequent prosecution. If the appellee had not attacked the victim, then the appellee would not have been arrested or charged with the injury, ten months later the appellee would not have been scheduled for trial, the victim would not have been scheduled to testify against the appellee, and the appellee, presumably, would not have threatened the victim and tried to convince him, with the aid of a gun, not to testify. The relationship is too far removed from the initial offense. The offenses were not steps necessary to accomplish an objective. *See Taylor*, 334 Pa.Superior Ct. at 246, 482 A.2d at 1317. In *Taylor*, this court was influenced by the fact that there was no "break" in the criminal activity. *Id.* Here, the break was of ten months duration.

The incidents do not share common issues of law and fact, although evidence of the intimidation may have been admissible at the first trial to infer guilt, and evidence of the assault may be admissible at the second trial to show motive, neither crime is necessary to prove the other. They involve different facts and different issues. They are offenses unrelated in kind—one is an assault on a person, the other a possessory offense and an obstruction of justice. Factually, they are separated by time and distance.

The Pennsylvania Supreme Court has stated that "where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources." *Hude,* 500 Pa. at 494, 458 A.2d at 183. In this case, not only are appellee's crimes not part of a single criminal episode, but consolidation of the charges for a single trial may have necessitated severance of appellee's case from that of the seven co-defendants with whom he was tried for the first offense. The eight cases consolidated in that trial arose from a single incident and involved many of the same issues of law and fact. A separate trial for defendant on those charges would necessitate the "substantial duplication and waste of scarce judicial resources" that our Supreme Court sought to avoid in *Hude. Hude,* 500 Pa. at 494, 458 A.2d at 183.

Accordingly, the order of the court below is reversed. We remand this case for further proceedings and relinquish jurisdiction.