516 A.2d 1203

COMMONWEALTH of Pennsylvania, Appellant,

v.

Isabel PURNELL, Appellee.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Isabel PURNELL, Appellant.

Superior Court of Pennsylvania.

Argued May 28, 1986.

Filed Oct. 27, 1986.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Com., appellant in No. 3262 and appellee in No. 3388.

Gwendolyn Bright, Assistant Public Defender, Philadelphia, for appellant in No. 3388 and appellee in No. 3262.

Before: WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

The trial court denied a Commonwealth petition to extend the time for commencing trial and dismissed criminal charges of aggravated assault and related offenses on grounds that the Commonwealth had violated Pa.R.Crim.P. 1100. On the same day, the court denied a motion to dismiss which had been filed by the defendant, Isabel Purnell, alleging double jeopardy and a violation of 18 Pa.C.S. § 110. The Commonwealth appealed from the order dismissing the charges, and the defendant filed a cross-appeal from the order refusing to dismiss on the alternate grounds.[1] We reverse the order dismissing the charges and remand for further proceedings. The order refusing to dismiss on double jeopardy grounds or on grounds that 18 Pa.C.S. § 110 had been violated will be affirmed.

On January 22, 1983, Purnell was arrested for disorderly conduct after she had shouted and disrupted the efforts of police officers who were attempting to arrest her companion, a Mr. Steplight. Purnell was taken into custody and transported to the police station where, upon arrival, she threatened a police officer and kicked him in the groin, causing serious injury. A criminal complaint was filed the same day; it charged Purnell with aggravated assault, simple assault and terroristic threats.[2] The mechanical rundate for Rule 1100 purposes, therefore, was July 21, 1983. A preliminary hearing was originally scheduled for February 7, 1983, but it was continued until February 15, 1983 at Purnell's request. The preliminary hearing was held on February 15, and Purnell was bound over for court.

[1] The record is unclear as to whether these were separate orders or whether both motions were disposed of in a single order. We will, therefore, consider the defendant's appeal as a cross-appeal, which was timely filed in accordance with Pa.R.App.P. 903(b).

[2] Appellee was charged separately with the misdemeanor of disorderly conduct stemming from her disruption of the efforts of the police to arrest her companion. On February 23, 1983, appellee entered a plea of guilty to this charge and was sentenced to pay a fine.

Trial was scheduled for May 9, 1983. On that date, the Commonwealth appeared and was prepared to proceed to trial. Purnell, who was on bail, failed to appear, and a bench warrant was issued for her arrest. On May 12, 1983, the Commonwealth filed a petition requesting an extension pursuant to Rule 1100(c). Purnell was found on July 12, 1983; and at a bench warrant hearing held the same day, the warrant was lifted and trial was rescheduled for August 8, 1983. This, the court determined, was the earliest possible date on which trial could be held. On July 19, 1983, three days prior to the original Rule 1100 rundate, the Commonwealth amended its prior petition for an extension. A hearing on its amended petition was also scheduled for August 8, 1983.

On August 8, 1983, both parties appeared before the Honorable William J. Manfredi. The Commonwealth was then prepared to proceed with trial. However, it was unaware that a motion to dismiss on the basis of 18 Pa.C.S. § 110 had been filed by the defense. This motion, according to a stamped copy produced by Purnell at the time of hearing, had been filed in the Clerk's Office on May 3, 1983. This motion, however, was not made a part of the Clerk's record of this case,[3] and the Assistant District Attorney was unaware of it until she arrived in court on August 8. Having been surprised by this additional motion, the Commonwealth requested a continuance to explore with its witnesses the circumstances relied upon by the defense to support its motion to dismiss. The trial court granted the Commonwealth's requested continuance, and the case was rescheduled for November 3, 1983, which was certified as the earliest available date.

On November 3, 1983, the parties appeared before the Honorable John L. Braxton for hearing on pre-trial matters and also for trial. Judge Braxton denied the Commonwealth's request for an extension and directed that the defendant be discharged. The request of the defendant for

3. The motion also is not a part of the record forwarded to this Court for review.

dismissal on grounds of a Section 110 violation, however, was denied.

The original rundate in this case was extended from July 21, 1983 to July 29, 1983 by virtue of the eight day delay caused by a defense requested continuance of the preliminary hearing. See: Pa.R.Crim.P. 1100(d)(2); *Commonwealth v. Robinson,* 498 Pa. 379, 446 A.2d 895 (1982). The delay caused by Purnell's failure to appear for trial on May 9, 1983 was also excludable. This delay, consisting of the ninety-one (91) days between May 9 and August 8, 1983, caused the rundate to be moved back to October 28, 1983.

Under Rule 1100(d), the Commonwealth may exclude not just the time that the defendant or his attorney is unavailable for trial, but the entire period of delay that results from such unavailability. *Commonwealth v. Robinson,* 498 Pa. 379, 384, 446 A.2d 895, 898 (1982) (sixteen day delay occasioned by need to put case on backup status behind two other cases at conclusion of defense continuance excludable); *Commonwealth v. Millhouse,* 470 Pa. 512, 518, 368 A.2d 1273, 1276 (1977). Thus a defendant, by his unavailability, may occasion a delay greater than the actual time of his unavailability. *Commonwealth v. Colon,* [317 Pa.Super. 412, 423, 464 A.2d 388, 394 (1983) ]; *Commonwealth v. Perry,* 296 Pa.Super. 359, [362,] 442 A.2d 808, 810 (1982).

*Commonwealth v. Gorham,* 341 Pa.Super. 499, 503–504, 491 A.2d 1368, 1370 (1985). Purnell's trial would have commenced on May 9, 1983 had it not been for her failure to appear. That failure necessitated a rescheduling of the trial for August 8, 1983, the earliest date available after the bench warrant had been lifted. The entire period of this delay was caused by appellee's unavailability and is, therefore, attributable to her and excludable. See: *Commonwealth v. Robinson, supra; Commonwealth v. Gorham, supra; Commonwealth v. Donaldson,* 334 Pa.Super. 473, 483 A.2d 549 (1984); *Commonwealth v. Bankston,* 332 Pa.Super. 393, 481 A.2d 672 (1984); *Commonwealth v. Ressler,* 308 Pa.Super. 438, 454 A.2d 615 (1982); *Common-*

wealth v. Perry, supra; Commonwealth v. Chapman, 271 Pa.Super. 473, 414 A.2d 352 (1979). Thus, the Rule 1100 rundate was automatically extended to october 28, 1983.

■ On November 3, 1983, the trial court denied the Commonwealth's petition for an extension of time because, it concluded, the Commonwealth had failed to exercise due diligence. The lack of due diligence, the court held, had occurred when, on August 8, 1983, the attorney for the Commonwealth declined to argue Purnell's motion to dismiss under Section 110 of the Crimes Code without prior notice and requested a continuance. The Commonwealth contends that this was error. We agree.

> The Commonwealth has the burden of proving by a preponderance of the evidence that it has met the requirements of Rule 1100(c), i.e., that despite the exercise of due diligence it was unable to bring the [defendant] to trial within the prescribed period. *Commonwealth v. Akridge,* 275 Pa.Super. 513, 419 A.2d 18 (1980). However, the preponderance of the evidence standard is the least burdensome standard of proof known to the law. *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). In reviewing the [trial] court's ruling that the Commonwealth has or has not met its burden of proving due diligence we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which is uncontradicted. *Commonwealth v. Sharp,* 287 Pa.Super. 314, 430 A.2d 302 (1981).

*Commonwealth v. Wroten,* 305 Pa.Super. 340, 344, 451 A.2d 678, 680 (1982).

In the instant case, the record shows that the Commonwealth was ready to proceed to trial on August 8, 1983. On this date, however, the Commonwealth learned for the first time that there was an outstanding, but unserved, motion to dismiss. Through the fault of neither party, the trial court found, the Commonwealth had not received prior notice of Purnell's motion. Under these circumstances we are unwilling to hold that the Commonwealth was required to

proceed with immediate argument without opportunity to prepare. The District Attorney's decision to request a continuance in order to prepare cannot be equated with a lack of due diligence. On the contrary, the Commonwealth's request for a continuance in order to prepare was both reasonable and appropriate, and the petition for an extension of time should have been granted. The order dismissing under Rule 1100, therefore, must be reversed.

■ In a cross-appeal, Purnell contends that the trial court erred when it denied her motion to dismiss the charges on the basis of double jeopardy and/or 18 Pa.C.S. § 110. We conclude that the issue is not one of double jeopardy but an issue arising under Section 110 of the Crimes Code. This issue was correctly decided by the trial court.

Section 110 of the Crimes Code requires the Commonwealth to consolidate in a single proceeding all known charges based on the same conduct or arising from the same criminal episode unless the court orders separate trials.... "The compulsory joinder rules set forth in ... section 110 were designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation."

*Commonwealth v. Webster,* 323 Pa.Super. 164, 175, 470 A.2d 532, 537–538 (1983), quoting *Commonwealth v. Hude,* 500 Pa. 482, 489, 458 A.2d 177, 180 (1983) (numerous citations omitted). See: *Commonwealth v. Bradfield,* 352 Pa.Super. 466, 576, 508 A.2d 568, 574 (1986); *Commonwealth v. Meyers,* 345 Pa.Super. 520, 525–526, 498 A.2d 945, 948 (1985). In *Commonwealth v. Hude, supra* 500 Pa. at 491, 458 A.2d at 181, the Supreme Court stated that "in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be con-

sidered." Offenses are "logically related" where they involve " 'a substantial duplication of factual, and/or legal issues.' " *Id.*, quoting Comment, *Commonwealth v. Campana and Section 110 of the Crimes Code: Fraternal Twins*, 35 U. of Pitts.L.Rev. 275, 286–287 (1973).

In the instant case, Purnell was arrested for disorderly conduct after she had disrupted the efforts of Officer Zaffrino to arrest Anthony Steplight. A police transport wagon was then called to the scene of the arrest, and Purnell and Steplight were both transported to the stationhouse. Upon arriving at the station and after being removed from the transport wagon, Purnell allegedly threatened and assaulted the wagon crew officer who had attempted to escort her into the police station. The officer assaulted by Purnell had not been present when Purnell was initially arrested but had been called to the scene after the arrest had been made for the purpose of transporting Purnell and Steplight to the stationhouse. Also, the officers who had effected Purnell's arrest were not present at the stationhouse when the alleged assault occurred. Thus, the acts resulting in separate prosecutions had occurred at different locations, before different witnesses, and involved different victims. The factual issues are, therefore, separate and distinct, as are the legal issues. We conclude that under these circumstances the charge of disorderly conduct, to which Purnell entered a plea of guilty on February 23, 1983, was not part of the same criminal episode as the conduct resulting in charges of aggravated assault at the police station. See: *Commonwealth v. Lee*, 291 Pa.Super. 164, 435 A.2d 620 (1981) (section 110 did not require single trial of charges arising from two stabbings occurring twenty minutes apart, but at different locations and involving different victims).

The order denying a motion to dismiss on the basis of 18 Pa.C.S. § 110 is affirmed. The order dismissing charges on the basis of Pa.R.Crim.P. 1100, however, is reversed, and the action is remanded for further proceedings. Jurisdiction is not retained.