## Commonwealth v. Banks

*Joseph Crane, assistant district attorney*, for the commonwealth.

*Henry J. O'Hara Jr.*, for defendant.

SUBERS, *J.*, December 16, 1988—This case arises out of defendant, Girard Banks' petition to dismiss all charges indexed at 1769-88. Defendant argued that the instant prosecution is barred by the previous prosecution for related charges. We agreed and dismissed all charges. The commonwealth appeals.

### FACTS

On January 15, 1988, defendant pled guilty to simple assault as a result of an incident on August

10, 1987, when defendant had an argument with his live-in girlfriend, Patricia Martein. This case is indexed at 4074-87. As a result of the incident on August 10, defendant was sentenced to two years probation, a $400 fine and $120 restitution to Martein for a contact lens. Four days later, on January 19, 1988, Martein filed the instant private criminal complaint against defendant indexed at 1769-88. . This complaint, approved by the district attorney's office, charges three counts of simple assault and two counts of aggravated assault arising out of three incidents occurring on October 10, 1986, March 31, 1987 and April 19, 1987. At the preliminary hearing held on April 12, 1988; Martein testified about these assaults as well as the one on August 10, 1987, and explained that she had a long-term relationship with defendant beginning in July of 1983 and lasting until August 7, 1987. On cross-examination Martein admitted that it was on August 10, 1987, after the relationship had ended, that she began to pursue the charges of assault against her former boyfriend, defendant Girard Banks.

## ISSUE

Whether the compulsory joinder provisions of section 110 of the Pennsylvania Crimes Code, Title 18 Pa.C.S. § 110 bars the prosecution of the instant charges indexed at 1769-88.

## DISCUSSION

Section 110 of the Pennsylvania Crimes Code[*] sets the standard for determining when prosecution is barred by a former prosecution. That section provides, in pertinent part:

---

[*] Title 18 Pa.C.S. § 101 et seq.

"§110. When prosecution barred by former prosecution for different offense—

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

"(i) any offense of which defendant could have been convicted on the first prosecution;

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . ."

In determining the applicability of section 110 to the present facts, we note that the prosecution of the case number 1769-88 is for violations of identical Crimes Code provisions as the previous prosecution of case number 4074-87. In each case, defendant is charged with assault.

Both the Supreme and Superior Courts of Pennsylvania acknowledge the purposes of section 110's compulsory joinder provisions:

"(1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation." *Commonwealth v. Hude*, 500

Pa. 482, 489, 458 A.2d 177, 180 (1983); see *Commonwealth v. Fries,* 362 Pa. Super. 163, 523 A.2d 1134 (1987), allocatur denied 531 A.2d 163; *Commonwealth v. Flenory,* 351 Pa. Super. 27, 30-1, 504 A.2d 1341, 1343 (1986); *Commonwealth v. Campana,* 452 Pa. 233, 250, 304 A.2d 432, 440-1 (1973). These purposes are well-served by our termination of the prosecution of the charges indexed at 1769-88.

In applying section 110 to the instant facts, it is strikingly clear that sections 110(1)(i) and (ii) bar the prosecution of this case.

In *Commonwealth v. Hude, supra,* our Supreme Court addressed the "single criminal episode" factor necessary for section 110(1)(ii) to apply. In *Hude,* Chief Justice Nix stated:

"[w]here a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions." *Hude* at 494, 458 A.2d at 183.

In the instant prosecution, the logical connection between the three incidents charged here and the August 10, 1987 incident to which defendant pled guilty on January 15, 1988 is unmistakable. The incident on August 10 was the culmination of a long history of assaultive behavior by defendant against his live-in girlfriend, Patricia Martein. Martein testified that she and defendant had a relationship that began on July 23, 1983 and lasted until August 7, 1987. Martein lived with defendant at their apartment at 536 East Main Street, Norristown, Pennsylvania. After the couple broke off their relationship on August 7, defendant offered Martein a place to live until she could find another. On August 10,

1987 Martein called Devon Mowery of the district attorney's office from the residence at 536 East Main Street. She told Mowery about the earlier incidents between herself and Banks and asked about the possibility of prosecution. As she spoke with Mowery, defendant came home and an argument erupted. Defendant again hit Martein. After defendant left the residence following the beating Martein again called Mowery and told him about this most recent encounter with defendant. As a result of this phone call, the Norristown Police Department arrested Banks and charged him with simple assault. Despite Martein's report to the police on November 5, 1987 of *all* the incidents between herself and defendant, the police chose to pursue only one: the August 10 incident. On January 15, 1988 defendant pled guilty to this one offense.

Applying section 110(1)(ii) as well as the principles enunciated in *Hude* to these facts it is clear that the prosecution is barred. The incident on August 10 grew out of the other three incidents charged in the instant case. Martein was on the telephone with a member of the district attorney's office seeking to file charges based on these incidents and that touched off the August 10 assault. These incidents are so logically connected based upon this fact alone that these charges should have been consolidated for trial.

Even more compelling however is the fact that they share common issues of law and fact. They all center around the stormy relationship between defendant and Martein and involve the same conduct in argument followed by physical abuse. Clearly this meets *Hude*'s definition of "same criminal episode" as required by section 110(1)(ii).

The remaining requirements of section 110(1)(ii)

are also met. As a result of informing the police on November 5, 1987 of all the incidents as well as the fact that she spoke with a member of the district attorney's office immediately after the last incident and the police were called as a result of that phone call, the authorities clearly knew about these incidents at the commencement of the guilty plea on January 15, 1988. Finally, jurisdiction is clear. All the incidents occurred at the same address, in Montgomery County.

We therefore conclude that defendant's acts constitute a "single criminal episode" as contemplated by the language of section 110. To permit the district attorney to proceed in the instant case would be offensive not only to section 110's prohibition against successive trials, but would also involve the court in piecemeal litigation, expend precious judicial resources and promote what we view as overzealous prosecution. Furthermore, defendant pled guilty to 4074-87. Had defendant known of these other charges he might not have pled guilty to that bill.

Despite all this, we are most disturbed by the fact that this is a private criminal complaint filed four days after defendant pled guilty to 4074-88. It appears to this court that Martein was dissatisfied with the plea agreement and decided to take matters into her own hands. Such action is that type of harassment and overzealous prosecution that section 110 is designed to prevent.

## CONCLUSION

Based on the foregoing analysis, our order dated August 9, 1988 granting defendant's motion to dismiss the charges indexed at 1769-88, 1769.1-88 and 1769.2-88 and terminating the prosecution in the above case was proper and should be affirmed.