592 A.2d 335

COMMONWEALTH of Pennsylvania

v.

George WALTON, Appellant.

Superior Court of Pennsylvania.

Argued April 4, 1991.

Filed May 14, 1991.

Reargument Denied July 11, 1991.

Stuart Lev, Philadelphia, for appellant.

George Leone, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

WIEAND, Judge:

This appeal is from an order denying a pre-trial motion to dismiss a prosecution for making a false report to law enforcement authorities on grounds that prosecution was barred by principles of double jeopardy and the provisions of 18 Pa.C.S. § 110. We find no merit in either of these contentions and affirm the order of the trial court.

On August 1, 1987, at or about 11:30 p.m., George Walton was arrested for illegal possession of a firearm. He was still in custody on the following morning when he made a complaint that the arresting officer had stolen from him six bags of cocaine, each having a value of five hundred ($500.00) dollars. After an investigation had been made, Walton was charged with making a false report. He was tried on this charge in the Municipal Court of Philadelphia, which found him guilty on August 18, 1989. Walton appealed from this conviction to the Court of Common Pleas, where he sought to be tried de novo. While the appeal was pending, Walton was tried and found not guilty of the firearms offense for which he had been arrested on August 1, 1987. Thereafter, he filed a petition to dismiss the false report prosecution, contending that a trial de novo was barred by his acquittal on the firearms charge. This petition was denied by the trial court, and Walton appealed.[1]

The polestar for analyzing appellant's double jeopardy claim is the decision of the United States Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d

---

1. In *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986), the Supreme Court held that a defendant may file an interlocutory appeal from an order denying a pre-trial motion to dismiss on double jeopardy grounds, so long as the trial court has not made a written finding that the appeal is frivolous. Additionally, in such an interlocutory appeal, "it is appropriate to entertain [a complaint made pursuant to 18 Pa.C.S. § 110] because it is a plea in bar with double jeopardy overtones." *Commonwealth v. Hude*, 500 Pa. 482, 490 n. 13, 458 A.2d 177, 181 n. 13 (1983). See also: *Commonwealth v. Muffley*, 493 Pa. 32, 425 A.2d 350 (1981). In the instant case, the trial court has made no finding that Walton's appeal is frivolous and, as such, the appeal is properly before this Court.

548 (1990). This decision has been summarized by the Superior Court of Pennsylvania in the following manner:

[T]he Supreme Court held that in determining whether or not subsequent prosecution is barred by double jeopardy, the court must first apply the traditional test first enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "If application of the test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Grady* at ——, 110 S.Ct. at 2090, *citing Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The test for determining whether an offense is a lesser included offense is whether each and every element of the lesser offense is necessarily an element of the greater offense.

*Commonwealth v. Thomas,* 376 Pa.Super. 455, 546 A.2d 116, *app. den.,* 520 Pa. 616, 554 A.2d 509 (1988); *Commonwealth v. Pemberth,* 339 Pa.Super. 428, 489 A.2d 235 (1985); *Commonwealth v. Williams,* 299 Pa.Super. 278, 445 A.2d 753 (1982). The court in *Grady* also found that this is not the only standard for determining whether violations of the double jeopardy clause exist. "[T]he double jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady* at ——, 110 S.Ct. at 2093. "The critical inquiry is what conduct the state will prove, not what evidence the state will use to prove that conduct." *Id.*

*Matter of Huff,* 399 Pa.Super. 574, 580, 582 A.2d 1093, 1096 (1990). See also: *Commonwealth v. Labelle,* 397 Pa.Super. 179, 189–193, 579 A.2d 1315, 1320–1322 (1990).

When this analysis is applied to the facts of the instant case, it is clear that appellant's prosecution for making a false report is not barred by his acquittal on the firearms charge. The two offenses do not share common elements,

and neither is a lesser included offense of the other. Moreover, it will be unnecessary for the factfinder which hears the false report charge to reconsider any findings made by the factfinder in the firearms case. Indeed, at trial the Commonwealth is not required to make any reference whatsoever to the firearms charge or to appellant's acquittal thereon.

Appellant's principal argument is that his prosecution for making a false police report is barred by 18 Pa.C.S. § 110. This statutory provision, in relevant part, is as follows:

§ 110. **When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense. . . .

18 Pa.C.S. § 110(1)(ii).

"Section 110 of the Crimes Code requires the Commonwealth to consolidate in a single proceeding all known charges based on the same conduct or arising from the same criminal episode unless the court orders separate trials." *Commonwealth v. Webster*, 323 Pa.Super. 164, 175, 470 A.2d 532, 537 (1983). See: *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), *vacated and*

*remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). See also: *Commonwealth v. Beatty,* 500 Pa. 284, 287–288, 455 A.2d 1194, 1196–1197 (1983); *Commonwealth v. Stewart,* 493 Pa. 24, 28, 425 A.2d 346, 348 (1981). This rule of compulsory joinder is " 'intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to ensure finality without unduly burdening the judicial process by repetitious litigation.' " *Commonwealth v. Holmes,* 480 Pa. 536, 541, 391 A.2d 1015, 1017 (1978), quoting *Commonwealth v. Tarver,* 467 Pa. 401, 408, 357 A.2d 539, 542 (1976). See also: *Commonwealth v. Hude,* 500 Pa. 482, 489, 458 A.2d 177, 180 (1983); *Commonwealth v. Webster, supra* 323 Pa.Super. at 175–176, 470 A.2d at 538.

"Whether incidents are part of a single criminal episode depends on the facts of each case." *Commonwealth v. Flenory,* 351 Pa.Super. 27, 30, 504 A.2d 1341, 1342 (1986). "In determining whether incidents are part of a single criminal episode so as to bar their separate prosecutions, three factors must be considered: (1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact." *Commonwealth v. Butler,* 380 Pa.Super. 595, 599, 552 A.2d 702, 704 (1988). See: *Commonwealth v. Hude, supra* 500 Pa. at 490–492, 458 A.2d at 181–182; *Commonwealth v. Stewart,* 325 Pa.Super. 465, 469, 473 A.2d 161, 164 (1984). See also: *Commonwealth v. Purnell,* 358 Pa.Super. 105, 111–112, 516 A.2d 1203, 1206–1207 (1986); *Commonwealth v. Flenory, supra* 351 Pa.Super. at 30–31, 504 A.2d at 1342. "Two separate offenses may constitute the same criminal episode if one offense is a necessary step in the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission." *Common-*

*wealth v. Bethel,* 295 Pa.Super. 312, 315, 441 A.2d 1248, 1250 (1982). See also: *Commonwealth v. Edwards,* 264 Pa.Super. 223, 228, 399 A.2d 747, 750 (1979).

In *Commonwealth v. Flenory, supra,* the defendant moved to dismiss a charge of intimidation of a victim or witness on grounds that the charge had arisen from the same criminal episode as the assault for which he had already been convicted. The trial court granted the motion but, on appeal, the Superior Court reversed. The Court reasoned as follows:

> The incidents in the instant case are not temporally close or contiguous. See, e.g., *Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975) (stabbings of three people all part of same criminal episode, even though they occurred in different places, when fight moved from porch to driveway). They occurred ten months apart. They were not part of a continuing series of occurrences. See *Hude,* 500 Pa. at 484–487, 458 A.2d at 178–179.

> There is a relationship between the acts, but it is not the type of logical relationship that will bar the subsequent prosecution. If the appellee had not attacked the victim, then the appellee would not have been arrested or charged with the injury, ten months later the appellee would not have been scheduled for trial, the victim would not have been scheduled to testify against the appellee, and the appellee, presumably, would not have threatened the victim and tried to convince him, with the aid of a gun, not to testify. The relationship is too far removed from the initial offense. The offenses were not steps necessary to accomplish an objective. [See *Commonwealth v. Taylor,* 334 Pa.Super. 242, 246, 482 A.2d 1315, 1317 (1984).] In *Taylor,* this court was influenced by the fact that there was no "break" in the criminal activity. *Id.* Here, the break was of ten months duration.

> The incidents do not share common issues of law and fact, although evidence of the intimidation may have been admissible at the first trial to infer guilt, and evidence of the assault may be admissible at the second trial to show

motive, neither crime is necessary to prove the other. They involve different facts and different issues. They are offenses unrelated in kind—one is an assault on a person, the other a possessory offense and an obstruction of justice. Factually, they are separated by time and distance.

*Id.* 351 Pa.Super. at 31, 504 A.2d at 1342–1343.

A similar result was reached in *Commonwealth v. Purnell, supra.* There the defendant had been arrested for disorderly conduct and transported to the police station. Upon arrival at the police station, she threatened and assaulted a police officer. After entering a plea of guilty to the disorderly conduct charge, the defendant argued that a subsequent prosecution for assaulting the police officer was barred by 18 Pa.C.S. § 110. In rejecting this argument, the Superior Court said:

The officer assaulted by Purnell had not been present when Purnell was initially arrested but had been called to the scene after the arrest had been made for the purpose of transporting Purnell ... to the stationhouse. Also, the officers who had effected Purnell's arrest were not present at the stationhouse when the alleged assault occurred. Thus, the acts resulting in separate prosecutions had occurred at different locations, before different witnesses, and involved different victims. The factual issues are, therefore, separate and distinct, as are the legal issues. We conclude that under these circumstances the charge of disorderly conduct, to which Purnell entered a plea of guilty on February 23, 1983, was not part of the same criminal episode as the conduct resulting in charges of aggravated assault at the police station.

*Commonwealth v. Purnell, supra* 358 Pa.Super. at 112, 516 A.2d at 1207 (citation omitted). See also and compare: *Commonwealth v. Stewart, supra* (crimes of theft by receiving stolen property and possession of a controlled substance were not part of same criminal episode even though evidence relevant to both was found during same search); *Commonwealth v. Lawson,* 306 Pa.Super. 414, 452 A.2d

793 (1982) (where theft of car and theft of gasoline for stolen car were separated by a two hour interval, the two offenses were not part of same criminal episode); *Commonwealth v. Lee,* 291 Pa.Super. 164, 435 A.2d 620 (1981) (two stabbings by defendant which occurred forty minutes apart, at different locations and involving different victims were not part of same criminal episode); *Commonwealth v. Miller,* 278 Pa.Super. 103, 419 A.2d 1378 (1980) (two burglaries by same defendant at same house six hours apart were not part of same criminal episode).

In the instant case, the offenses of illegally possessing a firearm and of making a false report to police were committed by appellant at different locations and at an interval of more than nine hours. The offenses were wholly different and did not involve common issues of law or fact. Although some relationship can be said to exist between the two crimes in that the false report made by appellant involved an allegation of misconduct by the officer who had arrested him for the firearms offense, the relationship was tenuous at best. It was not the type of logical relationship that would require a single trial for both offenses. Neither offense was necessary to prove the other. The offenses, in short, were separate crimes and did not occur as a part of the same criminal episode.

The decision in *Commonwealth v. Edwards, supra,* does not compel a different result. In *Edwards,* the Court held that the defendant's prosecution for theft and conspiracy was barred by 18 Pa.C.S. § 110 because of his previous conviction on a charge of making an unsworn falsification. The defendant had been stopped by police one-half hour after a theft while he was sitting in the getaway car in the company of his accomplices. Upon being asked to identify himself, the defendant provided police with a false name. The Court held that the giving of the false name to the police was part of the same criminal episode as the theft. Its reasoning was as follows:

> While it cannot be precisely said that appellant's unsworn falsifications resulted from his attempt to secure the

benefit of the theft offenses (the parcels had already been recovered) or conceal its commission, it certainly was an effort to avoid prosecution for the offenses, much as resisting arrest would be. Had appellant's ploy been successful, once he had been admitted to bail the Commonwealth would have found it difficult to locate him. In addition, appellant's attempts to mislead the police occurred within one-half hour of the alleged offenses, and while he was still in the company of his accomplices making their "getaway." And, finally, appellant's false statements were relevant evidence against him in his trial for the principal offenses; his actions in misleading the police reflected a guilty state of mind. One of the more important considerations in determining whether criminal offenses may and should be joined for trial is whether proof of one offense is relevant to proving the other.

*Commonwealth v. Edwards, supra* 264 Pa.Super. at 228–229, 399 A.2d at 750. Here, by way of contrast, the offenses were committed at an interval of more than nine (9) hours, and neither offense is necessary to prove the other. We conclude, therefore, that *Edwards* is inapposite to the facts of the instant case.

For the foregoing reasons, we conclude that appellant's prosecution for making a false report to law enforcement authorities is not barred by principles of double jeopardy or by the provisions of 18 Pa.C.S. § 110. Because the trial court properly denied appellant's motion to dismiss the prosecution, its order must be, as it is,

Affirmed.