610 A.2d 1066

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Raymond L. STARR, Appellant.**

Superior Court of Pennsylvania.

Submitted May 28, 1992.

Filed July 23, 1992.

Lynn E. Ober, Leesport, for appellant.

Jacqueline L. Russell, Asst. Dist. Atty., Pottsville, for Com., appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from an order denying the pretrial motion to dismiss a prosecution for violations of Section 13 of the Controlled Substance, Drug, Device and Cosmetic Act (hereinafter the "Drug Act") on the ground that the prosecution was barred by the provisions of 18 Pa.C.S. § 110. We find no merit in this contention, and, accordingly, affirm the order of the trial court.

The facts are not in dispute. On June 22, 1989, the appellant, Raymond L. Starr, was arrested on two separate criminal complaints alleging violations of the Drug Act. The first complaint averred that on January 24, 1989, the appellant sold undercover agent William E. O'Connor 25 grams of marijuana for $175. As a result thereof, Criminal Information No. 553 of 1989 was issued charging the appellant with possession, possession with intent to deliver and delivery of a controlled substance, all in violation of Section 13(a)(16) & (30) of the Drug Act.

Additionally, because of the alleged sale of 26.7 grams of marijuana to another undercover agent (Robert Bruce) on February 8, 1989, for $180, the appellant was charged with the same three offenses which appear in Criminal Information No. 553 of 1989, except a separate Information at No. 551 of 1989 was executed by the District Attorney of Schuylkill County.

After the appellant was tried and acquitted by a jury of the charges listed at Criminal Information No. 551 of 1989, he filed a "Motion To Dismiss Pursuant To Section 110 of The Pennsylvania Crimes Code" alleging that charges at Criminal Information No. 551 of 1989 were "based on the same conduct as the charges in [Criminal] Information [No. 553 of 1989] and were known to the [Commonwealth] at the time both Complaints/Informations were filed."

In a Memorandum of Law filed in support of his Motion to Dismiss, the appellant wrote in relevant part that:

*It was admitted by the Commonwealth on March 5, 1990, that the only difference between the two cases is the place where the same occurred* (No. 553/1989 occurred in Defendant's car in St. Clair, Schuylkill County and No. 551 occurred in Defendant's residence in St. Clair, Schuylkill County), and the dates of the occurrences differ by fifteen (15) days (No. 551/1989 occurred on February 8, 1989, and No. 553/1989 occurred on January 24, 1989). It was admitted that both charges were known to the prosecuting officers at the time of the filing and it goes without saying that both charges were known to the

District Attorney at the time the Informations were handed down. While it is admitted that two different agents of the Pennsylvania Office of Attorney General prosecuted the two cases *the trial at No. 551/1989 disclosed that the Prosecutor/Agent, Robert Bruce, was present for both transactions as was the Agent, William E. O'Connell, (Prosecutor to No. 553/1989); indeed, Agent William E. O'Connell was one of the main witnesses in No. 551/1989).*

*Agent William E. O'Connell was the undercover agent in both cases, the confidential informant, Raymond Zweizig was the same in both cases, the Defendant was the same in both cases, the charges were the same in both cases, the type drug and the amount was the same in both cases (26.7 grams and 25 grams). All the players are the same, all the charges are the same, all the places are the same, all the witnesses are the same, all the drugs are the same, the entire case is the same.*

Pages 2–3 (Emphasis added). The Commonwealth submitted a brief in opposition to the appellant's Memorandum of Law. It reads as follows:

The Commonwealth acknowledges that defendant was charged with two separate sets of charges for violating the Drug Act of Pennsylvania. The charges were based upon the same conduct only to the extent that defendant on both occasions sold illegal controlled substances. The one occasion, February 8, 1989, defendant was charged with the transfer of illegal drugs to an Attorney General's Office Agent at defendant's residence in St. Clair, Pennsylvania. The offense involved in this information is the transfer of illegal substances from defendant to a friend of defendant on January 24, 1989, in defendant's automobile in St. Clair.

The Crimes Code, Section 18 Pa.C.S. Section 110 provides a prosecution of an offense is barred by a former prosecution of an offense for which the defendant could

have been convicted in the first prosecution or based on the same conduct or same criminal episode. In this case several weeks separated the offenses and the offenses dealt with the transfer of illegal controlled substances to two separate individuals—one a friend of defendant and another to an Attorney General Agent. As such, the charges could not be consolidated and the charge may be prosecuted separately.[1]

---

1. Contrary to the facts in *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983), the Commonwealth is not relying on the testimony of one witness to essentially similar events.

Pages 1–2 & n. 1 (Citation omitted).

Instead of hearing argument, the trial court "said [the] Motion shall be submitted on briefs." Thereafter, the trial court found that Section 110 did not preclude prosecution; it did so for the following reasons:

1. Two separate complaints were filed;

2. The alleged deliveries of a controlled substance occurred on 2 separate dates: January 24, 1989 and the other, February 8, 1989;

3. The alleged transfer of a controlled substance occurred at two separate locations: 331 Chestnut Street, St. Clair, Penna. and the other, Lawton Street St. Clair, Penna;

4. Defendant allegedly transferred different amounts of a controlled substance on the two separate occasions: 26.7 grams of Marijuana on February 8, 1989 and 25 grams of Marijuana on January 24, 1989;

5. Defendant received different sums of money on the two separate occasions: $180.00 was received on February 8, 1989, and $175 was received on January 24, 1989;

6. The evidence in each case was submitted to the crime lab on different dates: February 10, 1989 and January 26, 1989; and

7. The criminalists who analyzed the controlled substances were not the same person: One being William Kupstas and the other, William R. McAtee.

Trial Court Opinion at 2–3. As a result, the Motion to Dismiss was denied and Starr appealed.[1]

It is appellant's contention that the trial court should have dismissed the charges at No. 553 on the basis of 18 Pa.C.S. § 110, i.e., because of his acquittal following trial of the identical drug offenses at No. 551. Stated differently, he claims that possession, possession with intent to deliver and delivery of a controlled substance charges at No. 553 arose from the "same criminal episode or criminal conduct" that caused the issuance of Criminal Information at No. 551 of 1989.

Section 110 provides in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \* \* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court

1. Preliminarily, we would note that the interlocutory order denying the appellant's Motion to Dismiss Criminal Information No. 553 of 1989 is properly before us. See *Commonwealth v. Dozier*, 333 Pa.Super. 188, 482 A.2d 236, 238 (1984). It concerns a complaint made pursuant to 18 Pa.C.S. § 110 and relates to a plea in bar with double jeopardy overtones. *Commonwealth v. Walton*, 405 Pa.Super. 281, 592 A.2d 335, 336 n. 1 (1991), citing *Commonwealth v. Hude*, 500 Pa. 482, 490 n. 13, 458 A.2d 177, 181 n. 13 (1983); see also *Commonwealth v. Taylor*, 334 Pa.Super. 242, 482 A.2d 1315 (1984).

ordered a separate trial of the charge of such offense. . . .

18 Pa.C.S. § 110(1)(ii)(1983).

"Section 110 of the Crimes Code requires the Commonwealth to consolidate in a single proceeding all known charges based on the same conduct or arising from the same criminal episode unless the court orders separate trials." This rule of compulsory joinder is " 'intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to ensure finality without unduly burdening the judicial process by repetitious litigation.' "

"Whether incidents are part of a single criminal episode depends on the facts of each case." "In determining whether incidents are part of a single criminal episode so as to bar their separate prosecutions, three factors must be considered: (1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact." "Two separate offenses may constitute the same criminal episode if one offense is a necessary step in the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission."

*Commonwealth v. Walton,* 405 Pa.Super. 281, 592 A.2d 335, 337 (1991).

The inquiry as to the validity of the Section 110 argument does not cease with the acknowledgement that the appellant was charged instantly with exactly the same drug offenses for which he was acquitted at Criminal Information No. 551 of 1989.

As noted by the trial court, the charges under No. 553 occurred fifteen days before the offenses charged at No. 551, the amount of money used to purchase the drugs was different on the two dates, the quantity of drugs was disparate, the site of the exchange was not the same and

the buyer of the drugs was different. Compare *Commonwealth v. Meyers*, 516 Pa. 392, 532 A.2d 789 (1987) and contrast *Commonwealth v. Butler*, 380 Pa.Super. 595, 552 A.2d 702 (1988).

Although some relationship can be said to exist between the two Criminal Informations at Nos. 551 & 553, the association is tangential. It is not the type of logical relationship that would require a single trial for both offenses. None of the offenses charged under No. 551 was necessary to prove the offenses listed under No. 553. All offenses, in short, were separate crimes and did not occur as a part of the same criminal episode or evolve out of the same conduct. *Walton,* supra. Further, it cannot be said that the drug offenses under Nos. 551 & 553 were necessary steps in the accomplishment of a given objective. *Commonwealth v. Bradfield,* 352 Pa.Super. 466, 508 A.2d 568, 575 (1986).

While the appellant is correct that both Informations alleged the commission of drug sales to obtain money, the participants in each incident were different and the locations of the transfers, as well as the quantity and cost, were not similar.[2] *Commonwealth v. Pinkston*, 342 Pa.Super.

---

**2.** Offenses are "logically related" where they involve " 'a substantial duplication of factual, and/or legal issues.' " *Commonwealth v. Purnell,* 358 Pa.Super. 105, 516 A.2d 1203, 1207 (1986). We do not find this case to present such a scenario. Nor is there evidence that the offenses were temporally close or contiguous. See *Commonwealth v. Flenory,* 351 Pa.Super. 27, 504 A.2d 1341 (1986).

To the extent that the appellant claims that the affiant of Criminal Information No. 553 of 1989 testified at his trial at Criminal Information No. 551 of 1989, that the Commonwealth admitted at the preliminary hearing to investigating an on-going drug-trafficking operation and that a confidential informant exists who is the same in both cases, we find the allegations to be unsupported by the *record* evidence. Therefore, except for the self-serving statements appearing in the appellant's brief, we are presented with no evidence to substantiate the appellant's allegations. See *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981). We may not rely on unsubstantiated allegations in making our decisions. *Id.*

In fact, in the Commonwealth's response to the appellant's Memorandum of Law in Support of the Motion to Dismiss it was denied that the testimony of one witness was being relied upon to respond to Criminal Informations Nos. 551 & 553 and that the drugs "trans-

333, 492 A.2d 1146 (1985). Moreover, there was no evidence that the police were engaged in a continuing undercover investigation by one team of prosecutorial agents. Contrast *Commonwealth v. Rocco*, 375 Pa.Super. 330, 544 A.2d 496, 500 (1988).

Accordingly, we find that the drug offenses charged under Criminal Informations Nos. 551 & 553 involved separate and dissimilar acts and were not episodically connected. See *Bradfield*, supra, and contrast *Butler*, supra, with *Commonwealth v. Johnson*, 358 Pa.Super. 435, 517 A.2d 1311 (1986) and *Commonwealth v. Flenory*, 351 Pa.Super. 27, 504 A.2d 1341 (1986).

Order affirmed.

ferred" by the appellant on each occasion were to different individuals—one a friend of the appellant and another to an Attorney General Agent. See Record No. 13.

Although the appellant's counsel had the opportunity to substantiate his contention that Agent O'Connor was a witness at the appellant's first trial, this was not accomplished by the production of the transcript of the initial trial.