**COMMONWEALTH of Pennsylvania**

v.

**Kevin ADAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1997.

Filed June 2, 1997.

---

**354**

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Com., appellee.

Before DEL SOLE, SCHILLER and MONTEMURO, JJ.

DEL SOLE, Judge:

Appellant Kevin Adams was charged with receiving stolen property and unauthorized use of an automobile. At trial, Appellant fled the courtroom after the jury was selected but before testimony was presented. Consequently, his trial was conducted in absentia. Appellant was found guilty of the above charges and received a sentence of three to six years imprisonment for receiving stolen property and a consecutive sentence of one to two years imprisonment for unauthorized use of an automobile. His subsequent motion to vacate and reconsider sentence was denied. This appeal followed.

■ First, Appellant asserts that the lower court misapplied and miscalculated the sentencing guidelines. This court has held that where an issue on appeal is the improper calculation of the prior record score or offense gravity score, a direct appeal lies because these are legal questions, and discretionary review is not appropriate. *Commonwealth v. Johnson,* 421 Pa.Super. 433, 618 A.2d 415 (1992). Appellant contends that the

trial court failed to acknowledge and correctly complete the calculation of the sentencing ranges required by the guidelines before issuing sentence.

■ The sentencing code mandates that sentencing courts consider the guidelines before sentencing. However, if the court sentences within the guidelines' suggested ranges, there is no need for the sentencing court to otherwise manifest on the record that it considered the guidelines. In such a case, consideration of the guidelines is presumed to be evidenced by the actual sentence imposed. *Commonwealth v. Chesson,* 353 Pa.Super. 255, 509 A.2d 875 (1986).

■ The record reveals that for Appellant's receiving stolen property conviction, he had an offense gravity score of five and a prior record score of six. For such a score, the guidelines suggest the following minimum sentence:

Aggravated range: 36–45 months;

Standard range: 24–36 months; and

Mitigated range: 18–24 months.

Pa.C.Sent.3d/R (August 9, 1991) § 303.9.[1] Appellant's minimum sentence of thirty six months is within the recommended ranges. Thus, we presume that the court properly considered the guidelines in formulating Appellant's sentence for receiving stolen property. Therefore, Appellant's argument that the trial court incorrectly considered the sentencing guidelines in calculating his sentence for receiving stolen property is meritless.

■ Regarding his sentence for the unauthorized use of an automobile conviction, Appellant claims that the court used an incorrect prior record score in calculating his sentence. Specifically, he argues that the conviction of unauthorized use arose out of the same transaction as the receiving stolen property conviction and, thus, the appropriate prior record score was zero instead of six which was used for the receiving stolen property sentence. We agree.

The sentencing guidelines provide:

1. Appellant was convicted of crimes perpetrated in July of 1994, prior to the date that the current, fourth, edition of the sentencing guidelines went into effect. Thus, all references and citations to

the guidelines are to the third edition, which went into effect April 25, 1988 and were revised effective August 9, 1991.

When imposing sentences for convictions arising out of the same transactions, the prior record score is computed for the offense with the highest offense gravity score in such transaction. For the remaining offenses in such transaction, the prior record score shall be zero.

Pa.C.Sent.3d/R (August 9, 1991) § 303.6(a).

 For sentencing purposes, a single transaction is defined as a crime or crimes which were committed by a defendant at a single time or in temporally continuous actions that are part of the same episode, event or incident, or which are conspiracy and the object offense. *Commonwealth v. Lawson,* 437 Pa.Super. 521, 650 A.2d 876 (1994). Whether incidents are part of a single criminal episode depends on the facts of each case. *Commonwealth v. Flenory,* 351 Pa.Super. 27, 504 A.2d 1341 (1986).

Here, the facts presented at Appellant's trial establish that his convictions arise from one criminal episode. On the night of July 18, 1994 or the early morning of July 19, 1994, the vehicle in question was stolen by an unknown individual. On the evening of July 20, 1994, Appellant was stopped while driving the car. There was absolutely no evidence presented at trial to indicate that Appellant received the car any point prior to the time he was stopped by the police while driving the vehicle during the evening of July 20, 1994. Therefore, the facts disclose that Appellant's convictions are part of a single criminal episode.

Consequently, pursuant to Pa.C.Sent.3d/R (August 9, 1991) § 303.6(a), Appellant's prior record score of six should have been applied to only his receiving stolen property conviction and a prior record score of zero should have been used in calculating his sentence for unauthorized use of an automobile. Accordingly, we remand for resentencing of the unauthorized use conviction.

Next, Appellant raises the issue of whether the sentencing court erred in sentencing Appellant in the aggravated range for receiving stolen property without stating adequate reasons and for sentencing outside the aggravated range for unauthorized use of an automobile. As to the second claim, it is moot in view of our decision requiring resentencing.

On the receiving stolen property charge we note that the court did provide detailed reasons for sentencing in the aggravated range. N.T. 7/31/95, pp. 16–18; 20–21. Therefore, this claim is without merit.

Also, Appellant claims that the court imposed an unreasonable and excessive sentence by having his two sentences run consecutively. Likewise, this issue is rendered moot by our decision remanding for resentencing of the unauthorized use of an automobile conviction.

Finally, we need not address Appellant's claims of trial counsel's effectiveness which seek relief in the event it is found that counsel waived any of these sentencing issues raised in this appeal. Because such a ruling is not the basis of our decision, it is unnecessary to undertake such review.

Judgment of sentence affirmed in part and vacated and remanded for resentencing in part. Jurisdiction relinquished.